## 9639

### SAINE v. HERTZOG.

#### (91 S. E. 859.)

1. Continuance—Costs—Construction of Order.—An order granting a continuance provided costs be paid within 20 days is complied with where payment is made immediately upon the Court's confirmation of the clerk's taxation.

2. Landlord and Tenant — Eviction — Nature of Right. — Under a rental agreement for a period agreeable to the landlord, the tenant must vacate when requested.

3. Landlord and Tenant — Eviction — Instruction. — An instruction that plaintiff tenant cannot recover for defendant landlord's locking her out of her room if she agreed to vacate is erroneous, because allowing eviction without notice and before removal of the tenant's goods.

4. Landlord and Tenant—Eviction—Landlord's Right.—The manner and time in which landlord may terminate a lease is not dependent upon his tenant's reputation for chastity.

5. Landlord and Tenant—Eviction—Damages.—One thousand dollars damages, reduced by the trial Court to $500, *held* not excessive where plaintiff tenant was wrongfully ejected by her landlord.

Before Hon. J. L. Glenn, special Judge, Spartanburg, July, 1915. Affirmed.

Action by Olivia M. Saine against J. P. Hertzog. Judgment for J. P. Hertzog. Judgment for plaintiff, and defendant appeals.

*Mr. J. C. Otts,* for appellant, submits: *This appeal raises four questions:* 1. *Did the presiding Judge err in refusing to hold that the complaint stood dismissed under the order of the former presiding Judge, to wit:* "*That on the payment of costs within twenty days from the rising of the Court, that said case be continued until the July term; otherwise that it be dismissed with costs.*" *It is contended by the appellant that the order requiring the plaintiff to pay costs within twenty days from the rising of the Court was a penalty, and that when the plaintiff failed to pay the costs within twenty days,*

*that the case stood dismissed under the order of Judge Efird. 2. Did the defendant-appellant have the right to act upon the reputation of the plaintiff in taking the action he did, in putting another lock upon the door? It was contended that in a case involving the character and reputation of the plaintiff as being detrimental to the good name of apartment house that the defendant-appellant had the right, and it was his duty to act upon the plaintiff's reputation. Did the presiding Judge err in refusing to charge that defendant had a right to act upon the reputation of the plaintiff and in refusing to charge the defendant's tenth request in full? 3. If the plaintiff agreed with the defendant to vacate the apartment by a certain time and failed to do so, did the relation of landlord and tenant cease and the plaintiff become a trespasser; and, if so, did the defendant-appellant have the right to take charge of the room, if he could do so peacefully and without injury to the plaintiff or any of her property? And, if so, was there not error in not charging all of the defendant's fourth request, to wit: Or if you find that when requested to vacate the room she agreed to do so by a certain time, and did not do so, the plaintiff cannot recover. 4. Was there any competent proof of actual damage to the plaintiff, the jury having found only actual damages; and that the defendant-appellant did not act unlawfully, unwantonly or maliciously in locking the door so as to prevent the plaintiff from occupying the room without his knowledge and consent;* and cite: *As to conditional continuance:* 9 So. 376; 20 So. 339; 30 Pac. 1078. *Reputation:* Dudley L. 346. *No recovery for mental anguish:* 52 S. C. 323; 82 S. C. 481; 57 S. C. 325; 84 S. C. 15. *No special damages:* 9 H. L. Cas. 599; 84 S. C. 15; 57 S. C. 325; 9 Exch. 341. *Ejection of tenant:* 6 Car. & P. 723; 195 Mass. 392; 42 L. R. A. 830.

*Messrs. Gwynn & Hannon,* for respondent, cite: *As to order requiring payment of costs:* 81 S. C. 534 and 566.

March 15, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort. Verdict for $1,000 "actual damages." Reduced by the Court to $500. Appeal by the defendant.

The plaintiff was a nurse and took lodging at the defendant's apartments. She alleged that the defendant wrongfully put her out. The defendant alleged the woman surrendered the room by agreement with him.

There are seven exceptions; but the appellant's counsel has argued them under four heads. Let these heads, found at folios 4 to 7 of appellant's argument, be reported.

The circumstances of the case are these: The testimony of both parties tends to prove that plaintiff took lodging at the defendant's apartment house on January 24th. The rent of the room was $10 per month, payable at the end of each month. The rent was paid on February 24th and on March 24th. From this point the parties differ in their testimony. The defendant testified that on Saturday, the 28th of March, he asked the plaintiff to vacate the room; that she answered that would suit her, and she would move out the next day, or on Monday; that he saw her the next day, which was Sunday, and saw her no more until April 24th; that he constantly watched for her in order to see her, but could not meet her; that he waited until Saturday, April 11th; that he had heard a great many reports; that on that day he did not consider her due any rent; that on April 11th he changed the locks on the door; (on cross-examination) that the plaintiff was a tenant of his on April 24th "in so far as she had charge of the room, and she had her stuff in it;" that plaintiff paid him $10 on April 24th, when she moved her belongings out. The defendant also testified on cross-examination that he got rid of the plaintiff because her reputation for chastity was not good; that he had "seen her stepping up close to men

and stepping on their toes; there are a lot of little ways hard to explain and still you can catch on." The plaintiff testified that around the 28th of March the defendant did ask for the room; that she did not tell the defendant on what day she would give up the room, but she was going soon; that she did not intend to leave until her month was up, and she had two weeks; that she left the city on April 11th and went into the country to spend the day; that she returned in the evening and found her door locked; that she asked for the key, and was told by the negro porter she could not get in; that she then went to a hotel; that she tried next morning, and several times thereafter, to see Mr. Hertzog, but could not get an interview with him; that she finally saw him on April 24th and paid the rent, $10, and moved her belongings.

1. We are of the opinion that the Court rightly construed the order made by Judge Efird on plaintiff's motion for continuance. That order was made at the May term. The Court granted the continuance, and made this order: "The above matter comes before me on a motion to continue the case on plaintiff's motion. On consideration of the affidavits submitted, it is ordered that on the payment of cost within 20 days from the rising of the Court said case be continued until the July term; otherwise that it be dismissed with costs. C. M. Efird, Presiding Judge. May 31, 1915."

The clerk taxed the costs on the heels of adjournment, but the plaintiff excepted to the taxation. The issue of a rightful taxation was decided at the instant trial, and the clerk was sustained, and the costs were immediately paid.

The direction of Judge Efird was to pay, of course, the costs prescribed by statute. That could not be known until the Circuit Court had adjudged the question on appeal from the clerk's taxation. That done, the costs were paid. The order did not contemplate the payment of illegal costs at the peril of a dismissal of the action. It is beside the question that the taxation of costs turned out to be correct.

The Court modified two of the defendant's ten requests. They were the fourth and the tenth. The modification in each instance consisted in an omission of a part of the request. And such action of the Court is the grievance now to be considered. The fourth request dealt with the law of the contract of rental. It embodies three postulates, of which the first is not in issue. The others are:

"(2) If you find that at the time the rental agreement was made it was for such time only as was agreeable to the defendant landlord, it was the plaintiff's duty to vacate the rooms when requested to; (3) or, if you find that, when requested to vacate the room, she agreed to do so, the plaintiff *cannot recover.*"

The numerals and italics have been supplied.

The second postulate was manifestly sound, and was allowed. The third postulate is as manifestly unsound; it assumes that, even though the woman agreed to vacate, the man was excusable in what he did to secure her vacation.

Such a charge would be equivalent to instructing the jury that the defendant had the legal right to put a lock on the plaintiff's room and bar her out in the way she described while her belongings were in it, for the reasons that moved him, and without notice to her.

3. The tenth request dealt with the manner of ejectment. It also had two distinct postulates:

"(1) If the defendant did this (put the lock on the door) in a reasonable and *legal way,* and for the protection of his house, and that he had reasonable grounds for so acting, the plaintiff cannot recover; (2) and in so doing (putting the lock on the door) the defendant had the right to *act* upon the reputation of the plaintiff."

The numerals and italics are supplied.

The first postulate was allowed; and well might it have been; for, if the defendant preceded in a legal way, he did not do an illegal act.

The second postulate was not allowed, and the appellant's counsel stated at the bar that such disallowance made "the vital question" in the case.

We think the Circuit Court was clearly right. The chief wrong the plaintiff has complained of is the way in which the defendant ejected her. The landlord had the right and in a proper way to terminate the tenancy with or without cause, whether the tenant was of good or of ill repute. But he had not the right to use one method to terminate the tenancy in the one case, and another method to terminate the tenancy in the other case. Granting that the plaintiff was of ill repute, that fact did not warrant the defendant to eject her before her term was out, without notice to her. So that the reputation of the plaintiff had no legal relationship to the act which the defendant was charged to have done, and which the jury found he did do.

4. The fourth and last issue set out by the appellant is that no actual damage to the plaintiff was proven; and, as the verdict was alone for "actual damages," the verdict must go. If the plaintiff did not consent to give up the room on March 28th, then she had the legal right to occupy it up to April 24th; and if the defendant, on the 11th of April, intending to do so, and without the plaintiff's knowledge and without notice to her and against her will locked her out, then he violated her rights, which is another way of saying the defendant committed a legal wrong against the plaintiff.

The plaintiff sued for compensatory, sometimes called actual, damages, and for exemplary damages. There was no special damage alleged or proven. The jury gave actual damages in express words, and by implication in the light of the charge excluded exemplary damages.

The appellant's contention is that, although the plaintiff may have been entitled to actual damages, yet by the proof these were only nominal, a pepper corn; and that appears as a matter of law. The damages awarded, and now stand-

ing at $500, are surely more than nominal.   So the issue is: Was the jury restricted, under the case before stated, to award nominal damages?

The appellant argues that a recovery for mental anguish is not allowable unless there concur with it physical hurt. And that seems to be so.   But this is not a case of mental anguish.   The woman was put out of her room, as the jury found, by constructive force, and without right; and while she had to go to a hotel and pay board there for some days, yet the essence of her action lies in the circumstances that her right was trampled upon.

In such a case the legal scales may not be too nicely and too artificially adjusted.   Their draw and their correction ought in most cases to be left to a jury and to the trial Court. *Lincoln* v. *Power,* 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224; *Bennett* v. *Railroad,* 98 S. C. 55, 79 S. E. 710, and cases therein cited.

In the instant case the Court lent willing ear to the defendant's plea that the verdict was excessive, and reduced it by one-half.

The judgment below is affirmed.