**HIGGINS v. DAIL et ux.**

No. 631.

Municipal Court of Appeals for the District of Columbia.

Sept. 3, 1948.

---

Frank R. Long, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, plaintiff below, was a tenant of certain dwelling property. She occupied the first floor and sublet the upper floor. Appellee Charles L. Dail bought the property and notified appellant that he desired possession for his own use. Appellant promised to vacate as soon as she found other quarters. Thereafter the parties agreed that Dail and his wife should move into the upper floor, which had been vacated by the subtenant; that appellant should continue to occupy the first floor until she found another place to live, and that in the meantime she would not be required to pay rent. This arrangement was put into effect and continued for sometime. Dail often asked when appellant was going to move but never received a definite answer. Dissension arose between the parties and, according to appellant, appellees conducted themselves so as to interfere with her occupancy of the first floor and finally one night at a late hour made demand that she move, the demand being made in such manner and under such circumstances that appellant and her mother, who lived with her, were forced immediately to leave the premises. She brought this action for a wrongful eviction and the jury awarded her $1. The trial court refused to set aside the verdict and ordered judgment thereon. From that judgment she has appealed.

Appellant's first assignment of error is that she was not allowed to amend her complaint. The record shows neither a request by appellant to amend nor a denial by the court of such request. We therefore cannot consider this assignment.

The second assignment relates to the trial court's refusal to allow the jury to consider two items of claimed special damages. According to appellant's brief, one of the items was some coal left on the premises by appellant. However, the record discloses no evidence regarding this item and we cannot consider it. The other item was cost of drayage and storage of appellant's furniture. The record shows that appellant left her furniture on the premises although it was not withheld from her, that she retained her key to the premises and went there on numerous occasions, and that finally she removed the furniture four months after the alleged eviction took place. The record does not show why appellant removed the furniture at the time she did so, why it was placed in storage or how long it was kept in storage. Under these circumstances, we think that the cost of drayage and storage was not a proper item of damage arising from an eviction four months prior thereto.

The next assignment relates to the charge to the jury. The trial court in-

structed the jury that appellant had not proved any actual damages and that if they found an unlawful eviction took place they should award only punitive damages. We think this was error. If, as the jury found, there was an unlawful eviction, then the law presumes some damages followed from this invasion of appellant's right.[1] There is no basis for ruling as a matter of law that one who proves an unlawful eviction from her home in the middle of the night has proved no actual damages.[2] Perhaps under the evidence in this case such damages were small or even nominal in amount, but it was error to take from the jury consideration of those damages and confine them to consideration of punitive damages. Undoubtedly, the instruction that actual damages had not been proved had its effect on the fixing of the punitive damages, resulting in the rather anomalous verdict of nominal punitive damages.

Reversed with instructions to grant a new trial.

[1] Mirando v. Mirando, 104 Conn. 318, 132 A. 910; Schienle v. Eckels, 227 Pa. 305, 76 A. 15.

[2] Many authorities hold that a tenant who has been unlawfully evicted may recover for mental suffering, inconvenience and discomfort. See Mathews v. Livingston, 86 Conn. 263, 85 A. 529, Ann.Cas.1914A, 195; Ault v. Phillips, 108 Ind.App. 535, 27 N.E.2d 379; Reid v. Brown, 49 A.2d 311, 24 N.J.Misc. 350; Sedgwick, Damages, (9th ed.) § 98Sa; Restatement, Torts, § 905, illus. 8; cf. Clark v. Associated Retail Credit Men of Washington, D. C., 70 App.D.C. 183, 105 F.2d 62, note 6. See also, Saine v. Hertzog, 106 S.C. 501, 91 S.E. 859.