UNITED STATES MERCHANDISE MART, INC., Appellant,

v.

COMMERCIALAIRE CORPORATION OF AMERICA, Appellee.

No. 3541.

District of Columbia Court of Appeals.

Argued Sept. 21, 1964.

Decided Nov. 2, 1964.

**338**

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Richard N. Baylinson, Washington, D. C., with whom Roy H. Duesterdick, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was an action by appellee to recover the unpaid balance of goods allegedly sold and delivered to appellant. The trial court entered a finding for appellee on the entire claim of $3,642.30. Appellant contends there was no evidence to show that it had either ordered or received the goods and therefore appellee failed to sustain its burden of proof.

In Reich v. Kirstein, D.C.Mun.App., 186 A.2d 229, 230 (1962), we stated:

"Our Rule 23(a) provides that the statement of proceedings and evidence brought to this court should include such evidence as is necessary to fully and clearly present the rulings of the trial court in which error is claimed. In the record before us we have no such statement. We have stated time and again that it is the duty of the parties to bring to us a record complete and adequate for the purpose of deciding the questions to be argued, and that this duty rests primarily on appellant, who asserts error in the judgment of the trial court. But we have also said that appellee has a duty to see that the record is complete and accurate in order that the judgment in his favor may be sustained. We have gone further and stated that it is the responsibility of the trial judge to aid in the preparation of a complete record, for in accordance with our Rule 25 the statement of proceedings and evidence must be submitted to and approved by the trial court if it is accurate or, if not, the court must assist in making it accurately reflect the trial proceedings so that we may determine whether the rulings of the court were correct. The court ought not approve an incomplete statement of proceedings and evidence. * * *"

In the case at bar the record is hopelessly incomplete. It neither sustains the judgment in appellee's favor nor justifies a judgment for appellant. After reviewing the meager statement of proceedings and evidence as signed by the trial judge and the exhibits in the file, we hold that the interests of justice require this case be reversed and remanded for a new trial.

It is so ordered.