**VOIGHT & McMAKIN AIR CONDI-TIONING, INC., Appellant,**

**v.**

**PROPERTY REDEVELOPMENT COR-PORATION, Appellee.**

**No. 5565.**

District of Columbia Court of Appeals.

Argued Feb. 8, 1971.

Decided April 15, 1971.

**240**

John C. LaPrade, Washington, D. C., for appellant.

Brainard H. Warner, III, Chevy Chase, Md., for appellee.

Before HOOD, Chief Judge, and KELLY and PAIR, Associate Judges.

PAIR, Associate Judge:

Appellant, contractor with the appellee for the installation of certain air conditioning equipment, sued to recover $2,527, allegedly representing the balance due on the contract price of $44,000 as increased by a first agreed upon "extra" in the amount of $5,865 and a second agreed upon "extra" in the amount of $505. Appellee admitted the existence of the contract, but denied that the contract price was as alleged and denied that any "extras" had been agreed upon. After trial of the issues, the court found for the appellee holding that:

> * * * [T]he [appellee] owed [appellant] the balance sum of $5,037.00, that this amount was disputed, it being over and above the contract price, that the [appellee] offered [appellant] $2,-500.00 in settlement by check with restrictive endorsement; and that the [appellant] accepted and cashed the check, thereby settling the case. The cancelling of the endorsement without returning the check does not change the settlement. The Court relies on Curtis Builders v. General Floor Service Co., [D.C.Mun. App.] 107 A.2d 705 (1954), to support its holding that an accord and satisfaction was reached in this case.

On the ground that there was no evidence of a dispute and for the reason that counsel for appellee had represented in open court that he was not required to prove the existence of a dispute, appellant moved for reconsideration or, in the alternative, for a new trial. The motion was denied, whereupon counsel for appellant requested the court to make findings of fact and conclusions of law. The court requested instead that counsel for both parties submit proposed findings of fact and conclusions of law. Counsel complied and, after consideration of the submissions, the court adopted the proposed findings of fact and conclusions of law submitted by appellee saying:

> * * * [T]here is no question in the Court's mind but that the facts were as indicated in paragraph 4 of [appellee's]

findings of fact that indicated the existence of a dispute. * * *[1]

The court then entered judgment for appellee and this appeal followed.

■ As required by the rules, counsel for appellant submitted to the trial judge, for approval, a proposed statement of proceedings and evidence. Counsel for appellee filed no objection to the proposed statement of proceedings and evidence, and announced that he would stand on the statement approved by the trial court.[2]

In approving the proposed statement of proceedings and evidence submitted by appellant, the trial judge said:

* * * The Court has no notes concerning the trial except those written at the time of trial on the jacket. Its recollection is that the proposed statement of proceedings and evidence is accurate, except as noted below, and adopts them.

The Court adopts the proposed statement of proceedings and evidence of the appellant, except that the Court does not adopt the proposed testimony of E. L. Klavans.[3] The Court finds that Mr. Klavans did testify that the work was not done in accordance with the contract. * * * The Court finds this the testimony of E. L. Klavans on direct examination. The Court adopts the cross-examination of E. L. Klavans and the remainder of appellant's proposed statement of proceedings and evidence.

On this appeal, the substance of the argument is that the trial court erred in finding that there was a dispute respecting the amount of appellant's claim and in concluding, on the basis thereof, that the acceptance of a check in a lesser amount constituted an accord and satisfaction.

■ It is a well settled rule that findings of fact in actions tried without a jury should not be set aside unless clearly erroneous. Drazin v. Jack Pry, Inc., D.C. Mun.App., 154 A.2d 553 (1959).

■ In this connection, it has been held that a finding is clearly erroneous within the rule when, although there may be some evidence to support it, the reviewing court, on the entire evidence is left with a definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Spargnapani v. Wright, D.C.Mun.App., 110 A.2d 82, 85 (1954).

■ Basic in the law on the subject of accord and satisfaction is the proposition that a liquidated debt is not discharged by the payment by the debtor and the acceptance by the creditor of less than the undisputed amount of the debt, unless there is a new consideration offered and received. Barrett v. Air Brakes and Controls, Inc., D. C.Mun.App., 130 A.2d 310 (1957); Curtis Builders, Inc. v. General Floor Serv. Co., D.C.Mun.App., 107 A.2d 705 (1954); H. H. Butler Stores v. Barron, D.C.Mun.App., 95 A.2d 330 (1953); Eastover Co. v. All Metal Fabricators, Inc., 221 Md., 428, 158 A.2d 89 (1960). Cf. Chicago, M. & St. P. R. Co. v. Clark, 178 U.S. 353, 20 S.Ct. 924, 44 L.Ed. 1099 (1900), *reversed on ground that the claim was unliquidated.*

---

1. 4. [Appellant] claimed that it had performed extra work in the amount of $5,037 and demanded payment of said amount. [Appellee] refused to make additional payments on the ground that some of the work had been improperly done and that this had caused difficulty and delay in securing the F.H.A. approval for the project.

2. Under our rules, it was the responsibility of counsel for appellee to participate in the preparation of a statement of proceedings and evidence which accurately reflects the trial proceedings. Reich v. Kirstein, D.C.Mun.App., 186 A.2d 229 (1962); Barrett v. Adkins Furniture Co., D.C.Mun.App., 43 A.2d 44 (1945). And we have held that it is error for the trial court to submit, for appellate review, any record which for that purpose is inaccurate and incomplete. Young v. Tune, D.C.Mun.App., 172 A.2d 558 (1961).

3. E. L. Klavans was, at the time of the trial, president of the appellee corporation.

242

And where there is no consideration other than the concession, i. e., the agreement to accept a lesser amount, there must be an allegation and proof that the amount of the indebtedness was unliquidated and in dispute. J. F. White Eng'r. Corp. v. United States, 311 F.2d 410, 412 (10th Cir. 1962); Lipkin v. Lester, Sup., 29 N.Y.S.2d 966, aff. 263 App.Div. 799, 32 N.Y.S.2d 126 (1941). More specifically, it is only when there is a bona fide dispute as to the amount due or as to the debtor's liability that tender and acceptance of a lesser amount will result in an accord and satisfaction; provided, of course, there is a mutual understanding that the payment is in full satisfaction of the disputed claim. Fire Insurance Ass'n v. Wickham, 141 U.S. 564, 577, 12 S.Ct. 84, 35 L. Ed. 860 (1891). See also Calloway v. Central Charge Service, D.C.Cir., 440 F.2d 287 (decided February 24, 1971).

On this one crucial issue, the trial court found first that appellee owed appellant $5,037 but that the amount was disputed because it was over the contract price. The court found next that appellee refused to pay such amount because some of the "extra" work was not properly done, with the result that there was delay in obtaining F.H.A. approval. Strangely enough, the court found also that appellee refused to pay the $5,037 because (1) no extras were authorized in the first place and (2) such work as was done was not in accordance with the contract.

Because of the inconsistencies in the findings of the trial court, we are unable to conclude with the required certainty whether there was or was not a bona fide dispute, either as to the amount due or as to appellee's liability. Moreover, we are not aided by the cryptic notes and symbols made by the trial judge on the "jacket" during the course of the trial.

Judgment reversed and remanded with direction to grant a new trial.