David **DULLES**, Appellant,

v.

Pamela **DULLES**, Appellee.

No. 6475.

District of Columbia Court of Appeals.

Argued Oct. 10, 1972.

Decided March 20, 1973.

David Dulles, pro se.

Elizabeth Guhring, Washington, D. C., for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

PER CURIAM:

This is an appeal from a decree of divorce and collateral determinations, including an award of custody of the children of the parties.

We note at the outset that there is, in effect, no record of the trial before us. There is no reporter's transcript. Instead, a proposed Statement of Proceedings and Evidence (D.C.App.R. 10(j)) was filed by appellant, appearing pro se. Subsequently, the trial judge entered the following Order:

> Upon a finding that the "Statement of Proceedings and Evidence" filed by defendant is inadequate and insufficient for the Trial Judge to completely comprehend; and in the face of no objection filed by the plaintiff; and further upon finding that defendant has failed to appear on this the last date of the continuance, as advised by the Court's Order dated May 8, 1972, this matter is certified to the District of Columbia Court of Appeals upon defendant's Statement of Proceedings and Evidence.

For some reason, the trial court has certified to this court a Statement of Proceedings and Evidence which it has expressly disapproved. The result is the trial court has left this court with no record upon which to conduct its review.

■■■ True it is, the duty rests primarily on the appellant to bring up an adequate record. But an appellee also has a duty to insure an adequate record so the judgment in the latter's favor may be upheld and may not abdicate this responsibility.[1] But since, under Rule 10(j), *supra*, in the final analysis approval of the Statement of Proceedings and Evidence lies with the trial court it is that court's ultimate responsibility to bring about an adequate record for review. United States Merchandise Mart, Inc. v. Commercialaire Corporation of America, D.C.App., 204 A.2d 337 (1964).

■■ While it is apparent from the foregoing Order that the trial court made an initial effort to bring about an adequate record, it stopped short of what is required of it. For example, the court should have enlisted the aid of appellee's counsel. Voight & McMakin Air Conditioning, Inc. v. Property Redevelopment Corp., D.C. App., 276 A.2d 239, 241 n. 2 (1971). We note in passing that appellee's brief con-

---

1. *See, e. g.,* Voight & McMakin Air Conditioning, Inc. v. Property Redev. Corp., D.C.App., 276 A.2d 239, 241 n.2 (1971).

tains a rather fulsome statement of the proceedings below though we are in no position, of course, to judge its accuracy.

Unfortunate though it is, we are in no position to conduct a review in this posture of the case.

Accordingly, the record is deemed remanded for further proceedings in accordance with the Order entered this date, jurisdiction being retained by this court.

So ordered.