## CHARLIE STUART OLDSMOBILE, INC, *v.* WILLIS R. SMITH AND GENERAL MOTORS CORPORATION

[No. 2-1274A289. Filed November 30, 1977. Rehearing on Petition for rehearing denied February 9, 1978. Transfer denied May 16, 1978.]

*James W. Stilwell, Stilwell, Hackemeyer & Life*, of Indianapolis, for appellant.

*Donald M. Ream, Jr.*, of Indianapolis, for appellee.

### ON PETITION FOR REHEARING

BUCHANAN, J.—The Petition for Rehearing of Charlie Stuart Oldsmobile, Inc. (Charlie Stuart) challenges our decision in *Charlie Stuart Oldsmobile, Inc. v. Smith* (1976), 171 Ind. App. 315, 357 N.E.2d 247, on the ground that the evidence of damage to Smith's car was conflicting and therefore we erred in holding the judgment of Five Thousand ($5,000.00) Dollars was severable.

Our re-examination of the record forces us to recant in part.

We have not altered our earlier position that the award of Five Thousand ($5,000.00) Dollars was beyond the scope of the evidence. Smith testified that because of Charlie Stuart's acts the total loss of value to his car was Four Thousand ($4,000.00) Dollars. No evidence was introduced that the damage to Smith's car exceeded Four Thousand ($4,000.00) Dollars. Therefore, some portion of the Five Thousand ($5,000.00) Dollar award must have been attributable to damages for mental distress which we held were not allowable.

However, we must disown our earlier statements that:

> The only probative evidence of property damage was Smith's unrefuted testimony that this automobile had suffered a loss in value of Four Thousand ($4,000.00) Dollars. *Charlie Stuart Oldsmobile, Inc. v. Smith, supra* at 255

or that other than the Four Thousand ($4,000.00) Dollar figure:

> There was no other evidence presented by either party as to the extent of damages sustained. *Charlie Stuart Oldsmobile, Inc. v. Smith, supra* at 250.

Smith's testimony regarding his efforts to trade his 1970 automobile for a 1971 automobile came in *without objection*. He stated that Dellen Oldsmobile was willing to take his 1970 Toronado and One Thousand Seven Hundred Fifty ($1,750.00) Dollars for a new 1971 Toronado, that Charlie Stuart Oldsmobile was willing to take his old car and Two Thousand Twenty-five ($2,025.00) Dollars for a 1971 Toronado and that he would have been willing to trade his 1970 for a 1971 and pay a cash difference of One Thousand ($1,000.00) Dollars.

Though it may be speculative or conjectural in nature, the evidence of trade-in value came in without objection. It is well established in Indiana that if evidence comes in without objection, we are not concerned with its competency:

> A party who permits incompetent evidence on a material issue to be introduced without objection can not be heard to say on appeal that it should not be considered . . . . Its probative value, when so admitted, is for the court or jury to determine, notwithstanding such evidence might have been excluded if proper and timely objection had been made. *Klingler v. Ottinger*

(1939), 216 Ind. 9, 17, 22 N.E.2d 805, 809.

*Bohn Aluminum & Brass Co. v. Kinney* (1974), 161 Ind. App. 128, 314 N.E.2d 780; *Page v. Board of Commissioners of County of Clay* (1973), 155 Ind. App. 215, 292 N.E.2d 254.

And in *Hinshaw v. Waddell* (1957), 128 Ind. App. 67, 72, 142 N.E.2d 640, 643:

> It is the rule in Indiana that where incompetent evidence has been admitted without objection or exception it may be considered upon appeal in determining the sufficiency of the evidence notwithstanding it should have been excluded upon proper and timely objection. (citations omitted).

The evidence[1] was entitled to whatever weight the trier of fact might have chosen to give it.

Therefore, because the evidence of damage to Smith's automobile was conflicting, we cannot say with certainty what part of the award was intended to compensate Smith for damage to his car and what part was attributed to mental distress (which we determined was not allowable). Therefore, the Five Thousand ($5,000.00) Dollar judgment is not severable.

That part of our original opinion holding the Five Thousand ($5,000.00) Dollar judgment was severable is vacated and this case is remanded to the trial court for a new trial on the issue of damages. The rest of our original opinion stands as written.

Sullivan, P.J. concurs.

Staton, P.J. (By designation) concurs.

NOTE—Reported at 369 N.E.2d 947.

---

1. For the purpose of consideration of this Petition we assume the evidence was not competent, but there is evidence in the record (pp. 601-604) that the trade-in values used were based on the "Black Book" (Indiana Edition) commonly used in the United States.