Charles STINSON, Appellant,

v.

Charles F. MUELLER, Appellee.

No. 81–434.

District of Columbia Court of Appeals.

Submitted June 1, 1982.

Decided Aug. 5, 1982.

---

Judith L. Gorfkle, Washington, D. C., for appellant.

John B. Sorrell, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and BELSON, Associate Judges.

NEWMAN, Chief Judge:

On the basis that appellant's breach of contract claim was barred by the defense of accord and satisfaction, the trial court granted appellee's motion to dismiss. Because proof of a valid accord and satisfaction is lacking, we reverse.

## I

In accordance with numerous oral agreements and one written contract, appellant Stinson made a series of payments to appellee Mueller to perform specified renovation on appellant's jointly owned property at 730 Columbia Road, N.W. For instance, on September 14, 1979, appellee was paid $500 to begin general rehabilitation work; on October 13, appellee was paid $1,980 for general rehabilitation work; on November 9, 1979, appellant paid Mueller $500 to install the windows and another $2,000 to put the house in habitable condition. Dissatisfied with appellee's performance or lack thereof, appellant sued for restitution of money advanced to appellee and for consequential damages. In particular, appellant testified that appellee failed to perform work agreed upon in writing in return for the October 13, 1979 payment of $1,980, and failed to perform any work whatsoever after November 9, 1979. Appellant also claimed that as a result of these breaches, his property was vandalized and damaged by the weather.

■At trial, appellee relied solely on the defense of accord and satisfaction. He argued that a document promising repayment of money owed, coupled with the partial payment of this promised amount, constituted an accord and satisfaction. This April 26, 1980 document signed by Mueller, but written and witnessed by Richard Needleman, an agent for appellant, provided as follows:

Dear Charles and Richard,

Please find enclosed 150 of the 1650 [1] dollars that I owe you as a refund on the 730 Columbia Road, N.W. Washington, D.C. project. I will have the balance for $1500 to you in the form of a money order or cashiers check by the 15 of May.

I understand that if the balance due is not refunded by this date, an interest charge of 15% will be added to the total due. I also understand that I may send the owners of 730 Columbia Road N.W. partial payments of the refund in any denomination (without interest due) before the above date.

I sincerely appreciate being allowed this period of time in which to make this refund. Thank you.

Appellee contended that appellant's rights were confined to the amount set forth in the document since it was a settlement of all possible claims on the entire renovation project; that appellant was barred from relief on any other basis. The trial court agreed and granted appellee's motion to dismiss.[2]

## II

■ Under Rule 41(b), the trial court may not dismiss the action unless "upon the facts and the law the plaintiff has shown no right to relief." On review, the trial court's findings and conclusions will not be disturbed, however, "unless clearly erroneous, [with] due regard [being] given to the trial court to judge the credibility of the witnesses." *See* Super.Ct.Civ.R. 52(a); *Marshall v. District of Columbia*, D.C.App., 391 A.2d 1374, 1379–80 (1978). We conclude that appellant's evidence established that he was entitled to relief; that the trial court's conclusion to the contrary—that appellant's action is barred by an accord and satisfaction—is clearly erroneous.

■ An accord and satisfaction is a valid defense to a breach of contract claim where there is proof of (a) a legitimately disputed or unliquidated claim; (b) a mutual agreement that the debtor will pay and the creditor will accept something other than the

1. This figure of $1650 was written over an original figure of $2,000. It was appellant's testimony that this amendment reflected subtraction of $350 taken by Mueller as a consulting fee.

2. Appellee did not testify, but took the stand for the sole purpose of entering into evidence the letter he maintained constituted an accord.

Appellee then moved for a directed verdict, which in this non-jury case, was properly treated by the trial court as a motion to dismiss pursuant to Super.Ct.Civ.R. 41(b). *See Bay General Industries, Inc. v. Johnson*, D.C.App., 418 A.2d 1050, 1054–55 (1980); *Keefer v. Keefer and Johnson, Inc.*, D.C.App., 361 A.2d 172, 174 (1976).

original amount due in satisfaction of the disputed claim; (c) the actual giving and taking of the agreed upon substitution. *See Laganas v. Installation Specialties, Inc.*, D.C.App., 291 A.2d 187 (1972); *Voight & McMakin Air Conditioning, Inc. v. Property Redevelopment Corp.*, D.C.App., 276 A.2d 239 (1971). Yet, in this case, there was inadequate proof of any of these necessary elements. First, there was no proof that appellee disputed either his indebtedness to appellant or his failure to perform. Appellee's deposition, admitted in evidence as part of appellant's case, contained his admission that appellant paid him $2,000 on November 9, 1979, and that no work was ever performed in exchange for these funds. Appellant agreed, testifying that appellee owed him $2,000 because no work was ever performed in exchange for that payment. Indeed, the document itself fails to mention a dispute.

Moreover, even if there was an amount in dispute, there is insufficient evidence that the document constituted an agreement for a substituted performance. Appellant, the only person to testify to the document's meaning, indicated that it related only to appellee's obligation to refund the $2,000 paid to him on November 9, 1979. When asked whether the letter had anything to do with any previous money paid to Mueller, Stinson replied negatively. Thus, there is no testimonial evidence to support the trial judge's finding that the document settled any and all contractual disputes between the parties. Moreover, the language of the letter itself refers to the final $2,000 transaction between the parties. While the word "project" could be interpreted as referring to all prior dealings between the parties, this is a strained interpretation given the testimony. Appellant's acceptance of the document (and the partial payment that came with it) could not constitute an accord, because appellant accepted what was admittedly owed him. *See Voight & McMakin Air Conditioning, Inc. v. Property Redevelopment Corp., supra*, 276 A.2d at 242.

Even if the document was intended as satisfaction of a bona fide dispute, the failure to fully perform the act[3] required by the letter left the agreement a mere executory accord, and, as such, it could not constitute a bar to the enforcement of other claims. *See Perper v. Danford*, D.C.Mun. App., 63 A.2d 773 (1949); RESTATEMENT (SECOND) OF CONTRACTS § 281(1) (1979); 6 A. CORBIN, CONTRACTS § 1269 (1962). The trial court was of the view that the document contained no due date and that appellant had not given appellee ample time to fully perform. Yet, while the document's stated sanction for failure to pay by May 15 is the imposition of an interest charge, and not the "right to sue," we think that absent evidence establishing the contrary, the money was due by May 15. The appellant waited until June 27, 1980, when it became apparent that no further restitution was forthcoming, to sue. This is ample time.

*Reversed.*

---

**3.** While appellee paid another $650 in addition to the $150 that accompanied the letter, when appellant brought suit, there was an outstanding balance of $1,000.