AETNA CASUALTY & SURETY CO.,
Subrogee of Michael Berenbaum,
Appellant,

v.

Wayne CARTER, Appellee.

No. 87–874.

District of Columbia Court of Appeals.

Submitted Oct. 17, 1988.

Decided Nov. 8, 1988.

Ronald M. Cohen, Arlington, Va., for appellant.

Coolidge N. McCants, Washington, D.C., for appellee.

Before NEWMAN and SCHWELB, Associate Judges, and PRYOR, Senior Judge.[*]

I

SCHWELB, Associate Judge:

This is not a case which would bring joy to the hearts of those interested in the just, speedy and inexpensive determination of disputes over relatively small amounts of money. *Cf.* Super.Ct. Small Claims R. 1. It arose out of a minor automobile accident which occurred almost seven years ago. The expenses incurred in legal representation, judicial time, and associated activities far exceed the amount in controversy. In spite of this, the litigation is still not over, for we are compelled to remand it to the trial judge for further proceedings, although fortunately he need not start again from scratch.

The accident in question occurred on December 13, 1981. According to the plaintiff, Michael Berenbaum, who was the only witness at the bench trial[1] which took place five and a half years later, December 13 was a cold and icy day, and driving conditions were hazardous. Berenbaum testified that the other driver, Wayne Carter, ran a stop sign and struck his vehicle. Berenbaum's car was damaged in the amount of $1012.68. Aetna paid for all of the repairs except $200.00, the amount of Berenbaum's deductible. On January 12, 1983, Aetna and Berenbaum filed suit in the Civil Division of the Superior Court to

---

* Judge Pryor was Chief Judge of this court at the time of submission. His status changed to Senior Judge on November 2, 1988.

1. Berenbaum's co-plaintiff was his insurer, Aetna Casualty & Surety Co. (Aetna).

recover their damages.[2] Carter filed a counterclaim, for $400.00, the precise contents of which are not discernible from the record on appeal.

On January 28, 1985, Carter and his counsel both failed to appear for trial. A default was entered, the counterclaim was dismissed, and the case was heard *ex parte* for proof of the plaintiffs' damages. The court entered judgment for Aetna in the amount of $812.68 and for Berenbaum in the amount of $200.00, together with interest and costs.

Subsequently, the default was vacated[3] and the case was rescheduled for June 23, 1987. On that date, defense counsel appeared but the defendant did not, and the case was heard by Honorable George W. Mitchell.

Berenbaum, whose recollection of the accident was understandably hazy so long after it occurred, testified that Carter did not stop at the stop sign. He estimated his speed at twenty-five miles per hour and explained that

> I wasn't going fast because you couldn't go fast that day. I was going adequate to make it up the hill and to keep a little momentum going.

He indicated that but for the snow or ice, neither driver would have had difficulty in stopping. In response to a question by the court, Berenbaum stated that

> but for the ice, I believe that I could either have stopped my vehicle or swung my vehicle around his vehicle, but for these conditions.

Judge Mitchell complimented Berenbaum for "your frankness and your straightforwardness on this matter."

After hearing argument of counsel, Judge Mitchell, stressing Berenbaum's view that both drivers could have stopped but for the icy conditions, ruled as follows:

> We see these parties under those circumstances equally responsible for this accident, and we find that the plaintiff was contributorily negligent in that he was going faster than he should have been going under the icy conditions, and on his admitted testimony that he was traveling at twenty-five miles an hour when there was ice and snow on the ground.
>
> We therefore conclude that *the plaintiff in this particular instance has not carried the burden of convincing this court by a preponderance of the evidence that he did not in fact contribute to the accident himself* by not maintaining a reasonable speed so that he could have stopped and avoided this accident.
>
> He in effect says that he saw the car and but for the ice and *a fortiori* but for the fact that he was going twenty-five miles an hour, but for that, the accident would have been avoided.
>
> The parties were equally responsible. The court therefore considers—finds that the plaintiff should not recover under these circumstances. Those are the findings of the court.

(Emphasis added.)

A few weeks after the trial, Judge Mitchell followed up his oral decision with brief written Findings of Fact, Conclusions of Law and Order. Again finding that "plaintiff travelled at an unreasonable speed considering the road conditions," the judge concluded that Berenbaum's excessive speed contributed heavily to the accident

2. At the time the suit was brought, the jurisdiction of the Small Claims and Conciliation Branch was limited to cases in which the amount in controversy did not exceed $750.00. In 1984, the jurisdictional limit of that Branch was expanded to $2,000.00. *See* D.C.Code § 11–1321 (1981 & 1988 Supp.). The statute which accomplished this change, Section 4 of Pub.L. 98–598, 98 Stat. 3143, became effective upon enactment on October 30, 1984. It does not appear that any attempt was made to determine the feasibility of transferring the case to the Small Claims and Conciliation Branch,

where it could surely have been resolved within a few weeks.

3. The only explanation in the record of the vacation of the default is a statement by counsel for plaintiffs to the trial judge on the day of trial that

> that default was vacated based on counsel's representation that he put it in the wrong calendar or something, so that he didn't know to be here in January of '85. But that never answered my question as to why was not the defendant here to protect his interests.

 

and that he was therefore barred from recovery. The written order did not disclose how the judge had allocated the burden of proof with respect to contributory negligence.[4] This appeal followed.[5]

## II

On appeal, Aetna contends that the trial judge erred in finding that Berenbaum was contributorily negligent "when the defense of contributory negligence had never been raised or pleaded," and in finding that Berenbaum was travelling at an excessive speed. The defendant-appellee has not filed a brief in opposition.

■ Aetna first relies on Super.Ct.Civ.R. 8(c), which provides that contributory negligence is among the defenses which the defendant must affirmatively set forth in his pleadings. Aetna claims that Carter did not plead this defense. The record on appeal does not contain Carter's pleadings in the trial court, so we are unable to determine whether, as Aetna claims, Carter failed to allege contributory negligence. An appellant is, of course, obliged to present us with a record sufficient to show affirmatively that error occurred. *Cobb v. Standard Drug Co., Inc.*, 453 A.2d 110, 111 (D.C.1982). Moreover, since Carter filed a counterclaim, we find it unlikely that he failed altogether to allege that Berenbaum was negligent and that his negligence contributed to the accident.

■ Aetna also cites *Gittleson v. Robinson*, 61 A.2d 635, 637 (D.C.1948), for the proposition that

> contributory negligence is, of course, an affirmative defense and, as such, must be pleaded *and proved* by defendant.

(Emphasis added.) This statement is, of course, absolutely correct. *Inland & Seaboard Coasting Co. v. Tolson*, 139 U.S. 551, 557–59 (1891); *Singer v. Doyle*, 236 A.2d 436, 438 (D.C.1967); *Brightheart v. McKay*, 136 U.S.App.D.C. 400, 403 n. 4, 420 F.2d 242, 245 n. 4 (1969). Although many jurisdictions have adopted the more flexible concept of comparative negligence, see PROSSER & KEETON ON TORTS § 67 at 471 n. 28 (1984 & 1988 Supp.), the District of Columbia has not done so.

■ In light of the trial court's silence in its written order as to the burden of proof with respect to contributory negligence, and the lack of any indication that the judge reconsidered the matter in the short period between his oral and written decisions, we are compelled to assume that he improperly required plaintiffs to prove Berenbaum's own due care by a preponderance of the evidence. Although the phrasing of the written order suggests that the judge might well have reached the result that he did even if the defendant had been required to prove contributory negligence, we cannot know for sure. Accordingly, we must reverse the decision and remand the case to the trial judge with directions to reconsider the evidence with the burden of proof as to contributory negligence correctly assigned to Carter.

For the foregoing reasons, the judgment appealed from is reversed and the case remanded for proceedings consistent with this opinion.

SO ORDERED.

---

**4.** The judge also dismissed Carter's counterclaim.

**5.** The Notice of Appeal and other documents indicate that only Aetna has appealed. Accordingly, the amount remaining in controversy is $812.68.