**John C. PARKER, Appellant,**

v.

**Al STEIN, et al., Appellees.**

No. 87–242.

District of Columbia Court of Appeals.

Submitted March 21, 1989.

Decided May 12, 1989.

---

John H. Spaulding, Washington, D.C., for appellant.

Germaine Wright Sobral, for appellees.

Before NEWMAN and SCHWELB, Associate Judges, and KERN, Senior Judge.

SCHWELB, Associate Judge:

Like *Aetna Casualty & Surety Co. v. Carter,* 549 A.2d 1117 (D.C.1988), this case brings little joy to the hearts of those who believe in the just, speedy and inexpensive resolution of relatively straightforward civil litigation; justice delayed is justice denied. The events complained of occurred almost a dozen years ago, and may warrant a discursive footnote in the next text on the rule against perpetuities. Unfortunately, there is no early end in sight.

## I

John C. Parker brought this action against Al Stein, his former employer and landlord, alleging, among other things, that Stein converted his property.[1] Included in the relief sought were claims for punitive damages and for damages for emotional distress. The trial judge found the evidence insufficient to support either of these claims and declined Parker's request for jury instructions relating to them. The jury found in Parker's favor on the issue of conversion. Parker moved for a new trial, alleging that the punitive damages and damages for emotional distress should have been submitted to the jury. The judge denied that motion, and Parker now appeals.

Although the appellate record is disturbingly skimpy, we conclude on the basis of the materials before us that there was evidence supporting the submission of both disputed claims to the jury. Accordingly, we reverse the judgment and remand the case for a new trial.

## II

Although we are unable to discern from this record exactly what occurred on that

---

1. Parker also alleged breach of an employment contract, a claim on which he prevailed, and wrongful withholding of documents needed for Parker's tax returns, a claim as to which Stein was awarded summary judgment. Only the conversion claim is before us on this appeal.

cold and rainy day in the autumn of 1977,[2] the testimony which has been included in the materials available to us presents on its face an unfortunate series of events during which Parker was not dealt with kindly. According to Parker, Stein ordered an associate to remove all of Parker's earthly possessions from his apartment, which was undergoing renovation, and deposit them in the trash. When Parker learned about the incident from passersby, he left Stein's Capitol Hill Men's Shop, which was located on the ground floor of the building, and bounded up the stairs, where he encountered his choleric landlord. Stein, who was clad only in his underwear, socks and a pair of shoes, screamed at Parker that there was a fire hazard in the room.[3] According to Parker, Stein also threatened to contact his "friends" from Baltimore (a city to which Parker frequently traveled on behalf of Stein) about "taking out a contract" on him. Concerned about his belongings and perhaps more, Parker retreated to the street, only to learn that a garbage truck had just driven away laden with all of his possessions.[4] All that Parker was able to retrieve from the rain-soaked street was a broken cameo picture of his parents. Parker testified that he still felt traumatized by this experience at the time of trial, more than eight years after the fact. Nevertheless, he continued to work for Stein for some months after the incident, a fact which suggests the possibility that there may have been more to this episode than meets the appellate eye.

Parker's account was generally corroborated by two witnesses, Sandra Fowler and Tito Leuterio. Ms. Fowler, a tenant in Stein's building, testified that she had seen and heard Stein order an associate to remove Parker's belongings from his room, and that she was only able to save two of Parker's books from ignoble disposition as garbage. She also related that when Parker learned about the incident he began to cry. Mr. Leuterio, a former manager of Stein's Men's Shop, also recalled that Parker had been driven to tears. He testified that after Stein had removed Parker's belongings from the building, many of Parker's personal papers were caught in the rain-soaked wind and blown away to oblivion.

For reasons not discernible from the record, the verdict form in the resulting trial reflects that the jury was permitted to consider only whether to award nominal damages for conversion and to compensate Parker for time lost in reconstituting certain genealogical research which he had done in his spare time. The materials submitted to us do not include any explanation of the disposition of Parker's claim for the property which he lost as a result of Stein's conduct. The jury awarded Parker $1.00 in nominal damages and $2,400.00 for his lost time. Contending that this recovery was too limited, and that the inadequacy of the relief resulted from the judge's ruling with respect to punitive damages and redress for emotional distress, Parker has appealed to this court.

### III

■ In denying the motion for a new trial,[5] the judge concluded that Parker had failed to present evidence which would al-

2. The complaint in this case was filed on March 2, 1979. The case was tried in April 1986 and considered by this court on its summary calendar of March 21, 1989.

3. There was testimony that Parker had placed his belongings in cartons and large trash bags to protect them during a refurbishment by outside workmen of his living quarters and those of others on the same floor.

4. Parker testified at trial that, among other things, he had lost a number of gold watches, jewelry, family papers, genealogical research

into his family history, the family Bibles, and other books and items.

5. A motion for a new trial is ordinarily addressed to the discretion of the trial judge, *Pyne v. Jamaica Nutrition Holdings, Ltd.*, 497 A.2d 118, 126 (D.C.1985). If a party's claim for damages is supported by the evidence, however, then he is entitled as a matter of law to have his theory submitted to the jury. *Wingfield v. People's Drug Store, Inc.*, 379 A.2d 685, 688 (D.C. 1977). Accordingly, our review here is for error of law.

low a reasonable jury to award punitive damages. We disagree. As this court has explained, punitive damages may properly be awarded

> where the act of the defendant is accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury.

*Franklin Investment Co. v. Homburg,* 252 A.2d 95, 98 (D.C.1969). Proof of these elements may be inferred from the acts of the defendant and from circumstantial evidence. *Id.* The issue is ordinarily one for the trier of fact. *Id. See also Mason v. Rostad,* 476 A.2d 662, 667 (D.C.1984). In *Mendes v. Johnson,* 389 A.2d 781, 792 (D.C. 1978) *(en banc),* this court stated that wrongful eviction is a tort for which punitive damages may be awarded, provided that the aggravating circumstances contemplated in *Homburg, supra,* are present. *See also Robinson v. Sarisky,* 535 A.2d 901, 907 (D.C.1988). The conversion in this case resembles wrongful eviction.

If the jurors believed the testimony of Parker and his witnesses, we think that ill will, recklessness and a willful disregard of Parker's rights could reasonably be inferred from Stein's summary disposition of Parker's property in the inclement weather, without notice and without giving Parker the opportunity to save his belongings. Moreover, Stein's angry demeanor and his threat to put out a contract on Parker provide additional evidence of malice.

## IV

■ The only direct evidence which Parker presented in support of his claim of emotional distress consisted of his own testimony that he still felt traumatized from the event and the testimony of Ms. Fowler and Mr. Leuterio that he was seen crying. The judge's written order denying Parker's motion for a new trial did not address the issue of damages for emotional distress. According to one of Parker's submissions in the trial court, the judge orally explained his ruling by commenting that "people react to these things differently"; and that there was "no testimony about further crying, sleepless nights, depression, nervous stomach, or any such easy-to-imagine symptoms." Parker concedes as much, but provides the following explanation:

> This plaintiff did not construct a litigation record to attempt to flush out in somewhat artificial form evidence of the emotional impact of this loss on him. He depends rather on the fact that he was seen to cry when he first discovered his loss, added to the character of the belongings themselves and his witness-stand demeanor [6] in describing what he could remember among those effects.

Our cases have long recognized that a plaintiff may recover damages for mental suffering unaccompanied by physical injury as part of his recovery for an intentional tort. *See e.g., Robinson v. Sarisky, supra,* 535 A.2d at 905 (wrongful eviction); *Barnes v. District of Columbia,* 452 A.2d 1198, 1199–1200 (D.C.1982) (false imprisonment); *Marshall v. District of Columbia,* 391 A.2d 1374, 1380 (D.C.1978) (false arrest and battery); *Woodard v. City Stores Co.,* 334 A.2d 189, 191 n. 2 (D.C.1975) (false imprisonment); *Neisner Bros., Inc. v. Ramos,* 326 A.2d 239, 240 (D.C.1974) (false arrest). *See also Chesapeake & Potomac Telephone Co. v. Clay,* 90 U.S.App.D.C. 206, 208–09, 194 F.2d 888, 890–91 (1952); *Capital Traction Co. v. Morgan,* 44 U.S. App.D.C. 237, 248–49 (1915). Although we have not located any District of Columbia precedent addressing the issue whether such damages are available in an action for conversion as such, this case is similar in principle to wrongful eviction, and "this court has long ago accepted the principle that a tenant who was unlawfully evicted may recover for mental suffering, inconvenience and discomfort." *Robinson, su-*

---

**6.** Appellate judges cannot, of course, profitably speculate on Parker's demeanor at a trial which they did not attend.

*pra,* 535 A.2d at 905, quoting from *Higgins v. Dail,* 61 A.2d 38, 40 n. 2 (D.C.1948).

The present case is predicated on allegedly intentional wrongdoing to Parker's property, and we see no reason to treat it differently from other suits for intentional torts, particularly where, as here, Parker's evidence, if credited, shows "that the defendant was guilty of a willful or wanton tort committed under circumstances of insult and contumely so that mental disturbance was a reasonably foreseeable consequence." Annot., *Shock–Witnessing Property Damage,* 28 A.L.R.2d 1075, 1078 (1953). *See also McNeill v. Allen,* 35 Colo. App. 317, 325–26, 534 P.2d 813, 819 (1975); *Charlie Stuart Oldsmobile Inc. v. Smith,* 171 Ind.App. 315, 327–30, 357 N.E.2d 247, 254–55 (1976), *vacated in part on other grounds,* 175 Ind.App. 1, 369 N.E.2d 947 (1977); *B.F. Goodrich Co. v. Hughes,* 239 Ala. 373, 194 So. 842 (1940). Thus, while we recognize that the direct evidence of emotional injury was less than overwhelming, the jury could reasonably have inferred that Parker was, as he testified, distressed by the nature of the conduct in question. According to Parker, Stein not only trashed his belongings but threatened to have him done in as well. The personal and sentimental character of some of the lost items, as well as the manner of their disposition, could also lead a reasonable juror to infer that Parker sustained a significant emotional injury.

## V

"It is appellant's duty to present this court with a sufficient record to show affirmatively that error occurred." *Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982); *see also Jonathan Woodner Co. v. Adams,* 534 A.2d 292, 294 (D.C. 1987). For the reasons previously stated, we find the materials which Parker has included in the appellate record sufficient to support his claims for punitive damages and for compensation for emotional dis-

tress. The appellee also has a duty to insure an adequate record so that a judgment in his favor may be upheld, and he may not abdicate this responsibility. *Cole v. United States,* 478 A.2d 277, 284 (D.C. 1984); *Dulles v. Dulles,* 302 A.2d 59, 60 (D.C.1973). If there is evidence negating Parker's claims, little if any of it has found its way into the materials submitted for our consideration.

We are puzzled by the absence of any explanation in this record, or in the briefs of the parties,[7] of some very basic facts about the present case. Parker claims that he lost valuable property as a result of Stein's conduct, but it appears from the verdict form that the jury was never asked to compensate him for it. If this omission was the result of an order by the trial judge, we do not know what that order was. We ordinarily presume that all of the trial judge's relevant rulings have been included in the record by the appellant, as contemplated by D.C.App.R. 10(a)(1), but it is difficult to be sure even about that, since we do not know whether any ruling on the issue of compensation for loss of property was also germane to the questions in this appeal. We are also troubled by the fact that our only information about the judge's decision with respect to emotional distress comes from Parker's brief.

Nevertheless, if relevant matter helpful to Stein is missing, it was surely incumbent upon Stein to furnish it, or at least to protest that Parker had not met his obligations under Rule 10(a)(1). Failing that, we can decide the case only on what is before us. Accordingly, we reverse the judgment and remand the case to the trial court for a new trial.

*So ordered.*

NEWMAN, Associate Judge, concurring in part and in the judgment:

I join only Parts III and IV of the opinion, and concur in the judgment.

---

7. We question whether Parker has complied with D.C.App.R. 28(a)(4), which requires that an appellant's brief include a statement of the facts relevant to the issues presented for review.