GAW *v*. THE LAPORTE CORPORATION

[No. 18,718.   Filed January 3, 1956.]

*Isadore E. Levine* and *Robert S. Gettinger,* both of LaPorte, for appellant.

*Kenneth D. Osborn* and *David D. Osborn,* both of LaPorte, for appellee.

KENDALL, J.—Appellant brought suit in the lower court against appellee to recover vacation pay under an agreement between appellee and the Metal Workers Alliance, Inc., bargaining agent for the union of which appellant was a member.

The complaint was based upon a written contract dated May 9, 1950, wherein it was alleged that appellant was laid off work January 23, 1951, and was entitled to vacation pay which was never received for the year 1951; that by the terms of Sec. 14 of the contract regarding vacation-pay allowances, it was provided that vacations should be based on length of service and time worked during the twelve months preceding the beginning of the vacation period; that in order to qualify for a vacation, an employee must have worked not less than forty (40) weeks in the twelve months preceding immediately the completion of one year's service; that any week in which an employee worked eight (8) hours, or more, should be counted a week worked; that time lost due to injury on the job or due to layoff beyond the control of the employee, should be considered as time worked for the purpose of computing the forty (40) weeks; that employees with less than one year's service with the Corporation would receive no vacation whatever; that employees who had been on the payroll of the Corporation for five (5) years, or more, were entitled to two (2) weeks' vacation pay. The appellant claimed to have worked continuously for more than five (5) years immediately preceding June 1, 1950.

The prayer of the complaint was for the payment for

two (2) weeks in the sum of Two Hundred ($200.00) Dollars, together with interest.

Appellee addressed a demurrer to the complaint on the grounds that the appellant failed to allege any contract or agreement covering the vacation period in 1951 for which appellant sought vacation pay; that the only agreement mentioned in appellants' complaint was the agreement dated May 9, 1950, between appellee and the bargaining agent, Sec. 18 of which provided as follows:

"This agreement shall remain in full force and effect from May 9, 1950 to and including May 8, 1951."

Sec. 14 thereof contained the only provision relating to vacation status, which is:

"The vacation period for the current year shall begin on June 1st and end September 30th, both dates inclusive."

The trial court sustained the demurrer. The appellant refused to plead over and judgment was rendered thereon. The correctness thereof is the question before this court.

Appellant argues that the parties intended that vacation benefits earned while the contract was in effect, to-wit: May 8, 1951, would be payable if the obligations of the contract necessary to entitle appellant to the benefits were met, even though the contract did not specify the time when such vacation should be taken in 1951.

Appellee contends that when the parties entered into the contract that the parties provided for vacation-pay allowances for those employees who had qualified during, or prior to the period from June 1, 1949, through May 31, 1950, for which period appellee had received vacation benefits.

The appellant admits in his brief as follows:

"Employment of Appellant ended before any time was agreed upon under a ' new contract as to the time when 1951 vacations would be taken."

This statement is directly opposite from appellant's contention and is an admission that appellant's employment ended before the 1951 vacation period.

We find no language in the contract, or wording from which an inference could be reasonably drawn, that the parties intended to provide vacation allowances for employees who *might qualify* during the period from May 31, 1950, to the contract expiration date, to-wit: May 9, 1951. Actually, under the provisions of the contract, there is no mention of any time for taking vacations in 1951.

The bargaining agent for the employees may have intended that when a new contract was made for the year 1951-1952, that greater vacation benefits could be obtained, and, for that reason, did not provide for them in the present contract; however, such a new contract was not made.

Appellant further argues that the contract indicates an intention to provide vacation pay to employees who might qualify during the period of the contract; however, Sec. 14, paragraph 5 provides as follows:

"5. Employees with less than one (1) year's service with the Corporation as of October 1st of the current year, shall receive no vacation allowance."

The date of termination is clear, "shall remain in full force and effect to and including May 8, 1951". Appellant lays great stress on the wording of the contract, "as of October 1st of the current year". It is not recognizable that the words, "current

year", should be contained in a contract which was for one year's duration, as we interpret the subject matter involved in Sec. 14 where the words, "current year", appear that they pertain to "vacations". We believe the vacation period contemplated by the agreement could only be for one vacation period, which, by the terms of the agreement, began June 1 and ended September 30, 1950; therefore, the words, "current year", are limited to the vacation period for the year in which the contract was made.

Appellant cites numerous cases, most of which are from other jurisdictions. We have examined the cases and find that the facts and findings thereof are not applicable to the facts or the contract now under consideration. In many of the cited cases the bargaining agents involved specifically provided for an extension of the agreement beyond the initial termination date thereof.

A court is not at liberty to revise a contract while professing to construe it. Neither does it have the right to make a contract for the parties, that is, a contract different from that actually entered into by them. It is the duty of this court to construe the contract under consideration as made and to give full force and effect to the language used when it is clear and unambiguous, such as this contract is. *Miles* v. *Indiana Service Corp.* (1933), 97 Ind. App. 400, 185 N. E. 460; *Bowman* v. *Bradley* (1892), 151 Pa. 351, 17 L. R. A. 213; *Schneider et al.* v. *Turner* (1889), 130 Ill. 28, 22 N. E. 497; *McQuillan* v. *Mutual Reserve Fund Life Asso.* (1901), 112 Wisc. 665, 87 N. W. 1069; *Page* v. *Sun Insurance Office* (1896), 74 Fed. 203, 33 L. R. A. 249; (C. C. A. 8th).

Neither abstract justice nor the rule of literal construction justifies the creation of a contract for the parties which they did not make for themselves or the

imposition upon one party to a contract of an obligation not assumed.

The trial court committed no error in sustaining appellee's demurrer.

Judgment affirmed.

NOTE.—Reported in 130 N. E. 2d 790.