**MEAD JOHNSON AND COMPANY, an Indiana Corporation, Defendant-Appellant,**

v.

**John OPPENHEIMER, Plaintiff-Appellee.**

No. 1–883A264.

Court of Appeals of Indiana, First District.

Jan. 16, 1984.

Thomas O. Magan, Robert H. Brown, Kahn, Dees, Donovan & Kahn, Evansville, Robert J. Fair, Fair, Nixon & Stilwell, Princeton, for defendant-appellant.

David Jones, Bowers, Harrisoin, Kent & Miller, Evansville, Gregory F. Hahn, William T. Rosenbaum, Dillon, Hardamon & Cohen, Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

This is an interlocutory appeal from an order of the Gibson Circuit Court denying defendant-appellant, Mead Johnson and Company's (Mead Johnson), motion for summary judgment in an action brought by plaintiff-appellee, John Oppenheimer (Oppenheimer), who sought to recover damages for his discharge from employment.

We reverse.

## STATEMENT OF THE FACTS

From 1972 through 1981 Oppenheimer was employed by Mead Johnson at its Evansville location, and his employment was at will or for an indefinite period of time. On November 19, 1981, Oppenheimer deliberately cut off both thumb sections from a pair of company-owned work gloves that had been issued to a co-worker. Oppenheimer's supervisor and other lower management officials imposed on Oppenheimer a one day work suspension without pay for destruction of company property. Upon reviewing the incident, top level management fired Oppenheimer for the deliberate destruction of company property.

## ISSUE

Restated, Mead Johnson presents the following issue on appeal:

Whether Oppenheimer was employed at will, and therefore subject to discharge with or without cause.

## DISCUSSION AND DECISION

It is undisputed by either party that Oppenheimer's employment was indefinite and thus terminable at the will of either party. At his deposition, Oppenheimer testified that the company never had employed him for a specific period of time and that he could have quit his job at any time. Mead Johnson cites *Ohio Table Pad Co. of Indiana v. Hogan*, (1981) Ind.App., 424 N.E.2d 144, for the proposition that Indiana courts have consistently followed the employment at will doctrine under which an employee at will may be discharged by his employer for any cause whatsoever, or for no cause, without giving rise to an action for damages. *Miller v. Review Board*, (1982) Ind.App., 436 N.E.2d 804; *Campbell v. Eli Lilly and Company*, (1980) Ind.App., 413 N.E.2d 1054; and *Martin v. Platt*, (1979) 179 Ind.App. 688, 386 N.E.2d 1026.

In response, Oppenheimer insists that the trial court was unable to determine as a matter of law that the employment contract was not ambiguous or uncertain. Mead Johnson points out, however, that

Oppenheimer has failed to identify any ambiguous or uncertain contract terms referred to in his brief. Furthermore, at no time has Oppenheimer disputed the fact that the duration of his employment was indefinite.

Throughout his brief, Oppenheimer mistakenly characterizes Mead Johnson's appeal as one from a negative judgment. This is an appeal from the trial court's denial of Mead Johnson's motion for summary judgment. When determining whether summary judgment should be granted, the trial court must consider the facts contained in the opponent's affidavits as true and resolve all doubts against the movant. *Abex Corporation v. Vehling*, (1983) Ind.App., 443 N.E.2d 1248. The Court of Appeals stands in the shoes of the trial court when reviewing the grant or denial of a summary judgment motion. *Wallace v. Indiana Insurance Company*, (1981) Ind.App., 428 N.E.2d 1361. Our task is to determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Campbell, supra.*

This court recently reaffirmed the employment at will rule in *Pepsi-Cola General Bottlers, Inc. v. Woods*, (1982) Ind. App., 440 N.E.2d 696, 697, 699, and said: "In Indiana the general rule governing both oral and written employment contracts is well settled. If the tenure of service cannot be determined from the terms of the contract, such contract is one at will, and may be terminated at any time at the election of either party. *Campbell v. Eli Lily and Company*, (1980) Ind.App., 413 N.E.2d 1054 (trans. denied); *Martin v. Platt*, (1979) Ind.App., [179 Ind.App. 688] 386 N.E.2d 1026; *Shaw v. S.S. Kresge Company*, (1975) 167 Ind.App. 1, 328 N.E.2d 775; *see Frampton v. Central Indiana Gas Company*, (1973) 260 Ind. 249, 297 N.E.2d 425; *see also Montgomery Ward & Co., Inc. v. Guignet*, (1942) 112 Ind. App. 661, 45 N.E.2d 337. However, exceptions exist where the employee is discharged solely for exercising a right conferred on him by a statute, constitution, or other positive law. *Campbell, supra; Martin, supra; Frampton, supra.*

\* \* \* \* \* \*

A term employment contract is enforceable, and the measure of damages for breach, generally, is the contract price for the unexpired term less what the employee has earned, or by reasonable diligence in mitigation of damages could have earned in other employment since the discharge. *Rochester Capital Leasing Corporation v. McCracken*, (1973) 156 Ind.App. 128, 295 N.E.2d 375; 12 I.L.E. *Employment* Sec. 16; *see Indiana State Symphony Society, Inc. v. Ziedonis*, (1976) 171 Ind.App. 292, 359 N.E.2d 253. An executory indefinite employment contract is not enforceable, and is terminable at the will of either party. It is fundamental contract law that a contract is unenforceable if it is so indefinite and vague that the material provisions cannot be ascertained. *See Inman's Incorporated v. City of Greenfield*, (1980) Ind.App., 412 N.E.2d 126; *Marshall v. Ahrendt*, (1975) 165 Ind.App. 359, 332 N.E.2d 223. This court cannot make a contract for the parties, *Jenkins v. King*, (1946) 224 Ind. 164, 65 N.E.2d 121, nor are we at liberty to revise a contract, or supply omitted terms while professing to construe it. *Gaw v. LaPorte Corporation*, (1956) 126 Ind.App. 143, 130 N.E.2d 790; *see Workman v. Douglas*, (1981) Ind.App., 419 N.E.2d 1340; *see also*, 17A C.J.S. *Contracts* Sec. 296(3). An employment contract is no different. If the tenure is indefinite, the contract is unenforceable to the extent that it remains executory."

Nevertheless, Oppenheimer is of the belief that Mead Johnson may not discharge him for trivial acts such as destroying a pair of company work gloves. We cannot agree. At will employees may be discharged for any cause or no cause at all. The two cases which Oppenheimer cites, *Hamilton v. Love*, (1899) 152 Ind. 641, 53 N.E. 181; and *Seco Chemicals, Inc. v. Stewart*, (1976) 169 Ind.App. 624, 349 N.E.2d 733,

both involve employment contracts for fixed periods of time. In contrast, Oppenheimer's duration of employment was indefinite and therefore terminable at will. *Love* and *Stewart* are immaterial.

■ Oppenheimer next argues that the Mead Johnson employee handbook [1] included "other expectations of the parties". Again, we are not moved. Employee handbooks are immaterial without an enforceable agreement between the employer and employee of employment for a definite duration.

In *Shaw v. S.S. Kresge Company*, (1975) 167 Ind.App. 1, 328 N.E.2d 775, the court said the following about employee handbooks:

"Even assuming, · *arguendo,* that the handbook relied upon by appellant constituted a part of the contract, in the absence of a promise on the part of the employer that the employment should continue for a period of time that is either definite or capable of determination, the employment relationship is terminable at the will of the employer. *See: Pearson v. Youngstown Sheet and Tube Co.,* (7th Cir., 1964), 332 F.2d 439. There being no binding promise on the part of the employee that he would continue in the employment, it must also be regarded as terminable at his discretion as well. For want of mutuality of obligation or consideration, such a contract would be unenforcible in respect of that which remains executory. *See:* 1A Corbin, Contracts, Sec. 152 (1963). *See also:* 1 Corbin, Contracts, Sec. 96 (1963); 3A Corbin, Contracts, Sec. 683 (1960)."

328 N.E.2d at 779.

*See McQueeney v. Glenn,* (1980) Ind.App., 400 N.E.2d 806. While we agree with Oppenheimer that under the employment at will rule certain contractual limitations may arise, invoking those limitations requires facts which do not exist in the instant case.

The record clearly discloses that Oppenheimer's discharge was not retaliatory for his having exercised a statutorily conferred right or having fulfilled a statutorily imposed duty. *Campbell, supra.* Oppenheimer's employment contract was for an indefinite tenure, and he was discharged for destroying company property. Under the above facts, Mead Johnson could have terminated Oppenheimer's employment at any time and for no reason at all.

Finally, Oppenheimer argues that he is entitled to damages for subsequent cash and credit purchases he made, relying upon his supervisor that the one-day suspension would be the extent of his punishment. As we have already determined that Oppenheimer's employment contract was for an indefinite tenure, he had no contractual right to work in the future. Mead Johnson was under no contractual obligation to Oppenheimer and it had the right to discharge him at any time. His argument has no merit. As there is no genuine issue of material fact and Mead Johnson is entitled to judgment as a matter of law, we reverse the judgment of the trial court.

Judgment reversed.

ROBERTSON, J., and YOUNG, J. (sitting by designation), concur.

**1.** We would note as a point of interest, however, that Mead Johnson's employee handbook provides under the heading "Company Rules and Regulations":

"3. Deliberate Damage to Company Property and/or Reputation:

Any deliberate action by an employee resulting in damage to Company property or reputation is considered unwarranted. Deliberate damage to Company property will result in termination."