Dixie B. **STRECKFUS**, Appellant
(Plaintiff Below),

v.

**GARDENSIDE TERRACE COOPERATIVE, INC., and Triangle Associates, Inc.**, Appellees (Defendants Below).

No. 1–185 A 10.

Court of Appeals of Indiana,
First District.

Aug. 15, 1985.

Rehearing Denied Sept. 6, 1985.

William C. Moyer, Steven A. Gustafson, Lorch Moyer Gesenhues & Bitzegaio, New Albany, for appellant.

Sandra L. Heeke, Fox & Smith, Jeffersonville, for appellees.

ROBERTSON, Judge.

Plaintiff-appellant Dixie Streckfus (Streckfus) appeals from a summary judgment entered in favor of defendants-appellees Gardenside Terrace Cooperative, Inc. (Gardenside) and Triangle Associates, Inc. (Triangle).

We affirm.

Streckfus was hired by Triangle for employment with Gardenside as the resident manager of certain real estate. The terms of Streckfus' employment were contained in a written agreement. The agreement did not promise employment for a definite period of time, but included provisions in the event of resignation or termination:

> I [Streckfus] understand that the apartment or townhouse provided for me ... must be vacated within 10 days in the event of my resignation or termination of my employment....
>
> At the time of my termination or resignation, I understand that ... I must ... provide a forwarding address and mutually agree with Triangle Associates, Inc. on any amounts due me by Gardenside Terrace and/or for any amounts due Gardenside Terrace by myself.

> I also acknowledge receipt of $150.00 to be used by me as a Petty Cash Fund and returned and accounted for in its entirety upon my resignation or termination from my employment.

The agreement stated that Triangle had sole control over Streckfus' employment pursuant to a management contract between Triangle and Gardenside. The management contract contained the following language:

> If the resident manager and/or maintenance superintendent should have to be discharged for cause, the agent will suspend said employee without pay, notify the board of directors of such suspension, and request that the board approve discharge of that employee within 48 hours of such notice.

A second paragraph, incorporated by reference into the management contract, provided:

> The dismissal or termination of the maintenance superintendent or resident manager shall be done with the prior approval of the board of directors in most cases. Sufficient reason for termination must be supplied to the board for the review and decision.

On October 13, 1981, Streckfus was fired. Streckfus sued for breach of the employment agreement, contending that she was fired without just cause. Gardenside and Triangle moved for summary judgment on the ground that Streckfus was an employee at will. The trial court entered summary judgment in favor of Gardenside and Triangle.

On appeal, Streckfus raises numerous allegations of error which may be consolidated and restated as follows: Whether the trial court erroneously granted summary judgment on the theory that Streckfus was an employee at will. In reviewing the grant of a summary judgment motion, the court of appeals employs the same standard as that applied in the trial court. The task of the appellate court is to determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Mead Johnson & Co. v.*

*Oppenheimer,* (1984) Ind.App., 458 N.E.2d 668, 670.

The motion for summary judgment filed by Triangle and Gardenside described Streckfus as an employee at will. Streckfus contends that such a characterization constitutes an incorrect application of the law. Employment at will exists when an employee may be terminated for any reason or for no reason at all. *Id.* In Indiana, the employment relationship is terminable at will unless there is a promise of employment for a fixed duration or consideration given by the employee in addition to her services. *Ryan v. J.C. Penney & Co.,* (7th Cir.1980) 627 F.2d 836; *McQueeney v. Glenn,* (1980) Ind.App., 400 N.E.2d 806; *Rochester Capital Leasing Corp. v. McCracken,* (1973) 156 Ind.App. 128, 295 N.E.2d 375.

Streckfus' employment agreement did not include a promise of employment for a fixed duration. However, Streckfus presents two arguments under which language from the management contract would be incorporated into her employment agreement. Streckfus urges either that she was a third party beneficiary of the promises contained in the management contract or that the promises were incorporated by reference into the employment agreement. Accordingly, Streckfus reasons that the references to discharge for cause contained in the management contract removed her from the status of an employee at will.

The validity of Streckfus' two arguments for incorporation need not be addressed on appeal. Even if Streckfus were promised that she would only be discharged for cause, she remained an employee at will. To convert employment at will to employment requiring good cause for termination, independent consideration supplied by the employee, which results in detriment to her and a corresponding benefit to the employer, must be given in return for permanent employment. *Ohio Table Pad Co. of Indiana v. Hogan,* (1981) Ind. App., 424 N.E.2d 144. To prove consideration, Streckfus points to several promises made in the event of termination or retirement: to vacate the apartment provided in connection with her job; to leave a forwarding address; and to return the Petty Cash Fund. These covenants were not independent consideration for the asserted promise of permanent employment. A promise to leave a forwarding address or to return property belonging to the employer upon terminating one's employment would not be a detriment to the employee such as would support a return promise of permanent employment. Because there was no consideration given in return for a promise of permanent employment, Streckfus was an employee at will despite language in the management contract referring to discharge for cause. *See Hamblen v. Danners, Inc.,* (1985) Ind.App., 478 N.E.2d 926, 928.

In the alternative, Streckfus asserts that the doctrine of employment at will is contrary to public policy and that it should be rejected as an outmoded and antiquated concept. The determination of what constitutes public policy is a function of the legislature. *Martin v. Platt,* (1979) 179 Ind.App. 688, 692, 386 N.E.2d 1026, 1028. Streckfus relies upon IND.CODE § 22–4–1–1 (1982) as an expression of legislative disapproval of employment at will. Streckfus' reliance is misplaced. I.C. 22–4–1–1 declares the public policy of the State with respect to the application of the Employment Security Act; the statute reflects the public policy in the area of unemployment compensation only. Therefore, we decline to hold that the doctrine of employment at will is void as against public policy.

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, P.J., concurs with separate opinion.

RATLIFF, Presiding Judge, concurring.

Our supreme court has recognized an exception to the employment at will doctrine when an employee is discharged in retaliation for his exercising a constitution-

ally or statutorily conferred right. *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425. I have argued for recognition of a "public policy" exception to the employment at will doctrine in cases where an employee is retaliatorily discharged for his actions in furtherance of a recognized public policy. *Campbell v. Eli Lilly & Co.* (1980), Ind.App., 413 N.E.2d 1054, *trans. denied* (Ratliff, J., concurring in part and dissenting in part). These views also were expressed by Justice Hunter in his opinion dissenting from denial of transfer in *Campbell v. Eli Lilly & Co.* (1981), Ind., 421 N.E.2d 1099. Neither our supreme court nor any panel of this court has been persuaded to adopt the so-called "public policy" exception to the employment at will doctrine.

Despite my personal views concerning limitations which properly should be placed upon the anachronistic employment at will doctrine, none of such limitations is applicable here. Thus, in this case, the employment at will doctrine is properly applied. For this reason, I concur.