**Rodger RICE, Plaintiff,**

**v.**

**RENT–A–CENTER OF AMERICA, INC., et al., Defendants.**

**No. S85–187.**

United States District Court, N.D. Indiana, South Bend Division.

May 28, 1987.

**424**

Fred R. Hains, South Bend, Ind., for plaintiff.

Richard W. Morgan, South Bend, Ind., Kenneth T. Kopatka, Daniel J. King, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion to dismiss filed by defendant Rent-A-Center of America, Inc. On July 19, 1985, the court converted that motion to a summary judgment motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The parties have briefed the issues extensively, and the motion is more than ripe for ruling.

The original complaint contained three counts: one based on a theory of intentional misrepresentation; a second alleging a breach of contract; and a third claiming damages for tortious infliction of emotional distress. Through the submission of briefs and additional exhibits, plaintiff Rodger Rice seems to have attempted to raise a claim based on a theory of promissory estoppel, as well. The parties have treated Mr. Rice's alternative claim for equitable relief as though it had been contained in the complaint and have fully addressed the issues presented by that claim. Accordingly, the court will also address the merits of Mr. Rice's promissory estoppel argument.

This is an action for damages resulting from Mr. Rice's termination of employment with Rent-A-Center on November 5, 1984. The cause, originally filed in the St. Joseph Superior Court, was removed to this court pursuant to 28 U.S.C. § 1441(a). Jurisdiction is based on the parties' diversity of citizenship. 28 U.S.C. § 1332.

In a summary judgment motion, the movant must first demonstrate, by way of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that (1) no genuine issues of material fact exist for trial, and (2) the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Munson v. Friske*, 754 F.2d 683 (7th Cir.1985). If the motion's opponent would bear the burden of proof at trial on the matter that forms the basis of the summary judgment motion, the burden of proof shifts to the motion's opponent if the movant makes its initial showing, and the motion's opponent must come forth and produce affidavits, depositions, or other admissible documentation to show what facts are actually in dispute. *Celotex Corp. v. Catrett*, 106 S.Ct. at 2548; *Klein v. Trustees of Indiana University*, 766 F.2d 275, 283 (7th Cir.1985). Summary judgment should be granted only if no reasonable jury could return a verdict for the motion's opponent. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260 (7th Cir. 1986); *Munson v. Friske*, 754 F.2d at 690; *Weit v. Continental Illinois National Bank & Trust Co.*, 641 F.2d 457, 461 (7th Cir.1981), *cert. denied* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982).

When the parties dispute the facts, the parties must produce proper documentary evidence to support their contentions. The parties cannot rest on mere allegations in the pleadings, *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), or upon conclusory statements in affidavits. *First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1011 (7th Cir. 1985); *Hall v. Printing and Graphics Art Union*, 696 F.2d 494, 500 (7th Cir.1982). Any permissible reasonable inferences from the documentary evidence must be viewed in the light most favorable to the motion's opponent. *Matsushita Electron-*

ics Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Munson v. Friske, 754 F.2d at 690; Mintz v. Mathers Fund, Inc., 463 F.2d 495, 498 (7th Cir.1972). A party need not try its case by affidavit, but it must set forth some facts from which the court can reasonably infer that the party would be able to produce some evidence at trial to support its theory. Matter of Morris Paint and Varnish Co., 773 F.2d 130 (7th Cir.1985).

From January 1, 1984 until October 18, 1984, Mr. Rice was employed by Rent-A-Center as a store manager and as a district manager in Mishawaka, Indiana. Due to a problem with inventory, Mr. Rice and his zone manager, Jordan Tuttle, were demoted. Mr. Rice was removed as district manager on October 18, 1984, but was retained as manager of the Mishawaka store. Mr. Rice contends that, at the time of his demotion, the new zone manager, Mr. Jerry Burum, told him that "no one is to be fired as a result of the chaos and turmoil created in the operation under the leadership of Jordan Tuttle", and that Mr. Rice could and probably would receive his district manager's position back after a short period of time. Mr. Rice was terminated on November 5, 1984.

### I. Breach of Contract

Well-settled law governs oral and written employment contracts in Indiana. To be enforceable, such contracts "must be for a definite period or there must be executed consideration other than the promise by the employee to render service". Ryan v. J.C. Penney Co., Inc., 627 F.2d 836, 838 (7th Cir.1980). The measure of damages for breach of a term employment contract generally is "the contract price for the unexpired term less what the employee has earned, or by reasonable diligence in mitigation of damages could have earned in other employment since the discharge". Mead Johnson and Company v. Oppenheimer, 458 N.E.2d 668, 670 (Ind.App.

1984); see also Indiana State Symphony Society, Inc. v. Ziedonis, 171 Ind.App. 292, 359 N.E.2d 253 (1976); Rochester Capital Leasing Corporation v. McCracken, 156 Ind.App. 128, 295 N.E.2d 375 (1973).

If the term of employment cannot be ascertained from the terms of the contract, or if the contract is unsupported by consideration from the employee to the employer, the contract is one at will that either party may terminate at any time. Ryan v. J.C. Penney Co., Inc., 627 F.2d at 837; Mead Johnson and Company v. Oppenheimer, 458 N.E.2d at 670; Pepsi-Cola General Bottlers, Inc. v. Woods, 440 N.E.2d 696, 697, 699 (Ind.App.1982). "[A]n employee at will may be discharged by his employer for any cause whatever, or for no cause, without giving rise to an action for damages." Miller v. Review Board of Indiana Employment Security Division, 436 N.E.2d 804, 807 (Ind.App.1982). There is, however, a recognized exception to this doctrine, and an "action will lie if the plaintiff-employee demonstrates he was discharged in retaliation for having exercised a statutorily conferred personal right or having fulfilled a statutorily imposed personal duty". Miller v. Review Bd. of Indiana Employment Security Division, 436 N.E.2d at 807 (citing Frampton v. Central Indiana Gas Company, 260 Ind. 249, 297 N.E.2d 425 (1973)); see also McClanahan v. Remington Freight Lines, Inc., 498 N.E.2d 1336, 1339 (Ind.App.1986) ("an employee cannot be discharged solely for refusing to breach a statutorily imposed duty"); Campbell v. Eli Lilly Company, 413 N.E.2d 1054 (Ind.App.1980); Martin v. Platt, 179 Ind.App. 688, 386 N.E.2d 1026 (1979).

Mr. Rice contends that he had a term employment contract, relying upon statements made by Rent-A-Center's zone manager, Jerry Burum, and provisions contained in Rent-A-Center's stock-option plan and employee's manual. Mr. Rice's theories as to the term of this alleged contract are, however, inconsistent and without support either in the facts of this case or in Indiana law.

On October 18, 1984, Jerry Burum stated to Mr. Rice that "[n]o one is to be fired as a result of the chaos and turmoil created in the operation under the leadership of Jordan Tuttle [the former zone manager]", and that Mr. Rice "could and probably would receive his District Manager's position back after a short period of time". Mr. Rice interprets these statements to be a promise by Rent-A-Center that his job would be secure, and that he would receive his old job back in time, together with the requisite increase in salary and bonuses. Mr. Rice argues that this promise entailed job security and continued employment for a definite term until April 16, 1988 which, according to Mr. Rice, represents the "anticipated employment period as a result of Defendants' pro-offered stock option plan".

The stock option plan to which Mr. Rice refers offered him the opportunity to purchase Rent-A-Center's stock from April 18, 1984 until April 16, 1988. Rent-A-Center, however, asserts that the plan is not the Rent-A-Center's stock-option plan, but rather an Incentive Stock Option Agreement ("the Agreement") that incorporates by reference the Rent-A-Center's 1983 Incentive Stock Option Plan ("the Plan").

■ By its provisions, the Agreement is subject to the terms and conditions of the Plan, which states in pertinent part as follows:

Nothing in this Plan shall be construed to give anyone the right to be granted an Option, and neither the Plan nor the granting of an Option or the taking of any other action under the Plan shall constitute or be any evidence of any agreement or understanding, express or implied, that the Company will employ an option holder for any period of time or in any position or at any particular rate of compensation.

1983 Incentive Stock Option Plan, ¶ 2, pp. 2–3. This language undercuts any argument that Rent-A-Center intended for the Plan to be used as the basis for a term employment contract. Mr. Rice cannot rely on the Agreement as a source for the term of his alleged employment contract. Neither Jerry Burum's statements to Mr. Rice nor the terms of either the Agreement or the Plan provide the requisite "definite period" of employment for an enforceable employment contract.

In his third memorandum in opposition to the defendant's summary judgment motion, Mr. Rice asserts that he "had an annual contract with the defendant", because salary reviews for store managers were made annually in accordance with the "Rental Store Manager Administration Plan", and Rent-A-Center used "an annual anniversary date evaluation process to determine base pay increases". Mr. Rice concludes that these practices "strongly suggest that store managers were on a year to year contract with the company", and that the "defendant breached its contract with the plaintiff by terminating him on a date other than his anniversary date".

■ That salary administration plan is contained in Rent-A-Center's Operations Manual ("the Manual"). Mr. Rice argues that the Manual's terms constitute an enforceable contract between the employer and the employee, even when the employment is for an indefinite term and otherwise would be terminable at will. Mr. Rice, however, cites no Indiana authority for this proposition and, indeed, concedes that Indiana courts have specifically rejected the proposition that an individual may base wrongful discharge suit on the provisions of a personnel manual. See *Tri-County Comprehensive Com'y Mental Health Center, Inc. v. Franklin*, 498 N.E.2d 1303, 1305–1306 (Ind.App.1986) ("the existence of procedures for yearly evaluations does not create a contractual right to employment for a year"); *Mead Johnson and Company v. Oppenheimer*, 458 N.E.2d 668, 671 (Ind.App.1984) ("Employee handbooks are immaterial without an enforceable agreement between the employer and employee of employment for a definite duration."); *Campbell v. Eli Lilly & Company*, 413 N.E.2d 1054, 1062 (Ind.App.1980) (plaintiff could not maintain wrongful discharge action under Indiana law on the basis of the provisions of a personnel manual); *Shaw v. S.S. Kresge Company*, 328 N.E.2d 775, 779 (Ind.App.1975) ("Even assuming, arguendo,

that the handbook relied upon by appellant constituted a part of the contract, in the absence of a promise on the part of the employer that the employment should continue for a period of time that is either definite or capable of determination, the employment relationship is terminable at the will of the employer."). Mr. Rice seems to argue that the court should apply the law of jurisdictions other than Indiana, but the doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires this court to follow Indiana law in this case. See *Loucks v. Star City Glass Co.,* 551 F.2d 745 (7th Cir.1977).

■ Even were the court to find that the Salary Administrative Plan contained in the Manual constituted a part of the contract, nothing in the Manual could be inferred to provide the vital missing component of an employment contract—the definite term of the employment.

For the same reasons, Mr. Rice's contentions that factual issues remain as to the existence of sufficient cause for his termination and whether Rent-A-Center followed proper procedures in terminating him, do not defeat summary judgment. These arguments are grounded on the proposition that the Manual is an enforceable contract that required Rent-A-Center to show cause, supported by specific facts, for Mr. Rice's involuntary termination. Again, however, Indiana law provides that "employee handbooks are immaterial without an enforceable agreement between the employer and employee of employment for a definite duration". *Mead Johnson and Company v. Oppenheimer,* 458 N.E.2d 668, 671 (Ind. App.1984). The Manual contains no identifiable term of employment to serve as the basis of an enforceable employment contract.

The materials before the court fail to support Mr. Rice's factual allegations that he was promised employment for a definite period of time. Further, the materials before the court contain no suggestion that Mr. Rice gave any separate consideration beyond a mere promise to render services, or that he fits within any exception to the employment at will doctrine. See *McClanahan v. Remington Freight Lines, Inc.,* 498 N.E.2d 1336, 1339 (Ind.App.1986); *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (Ind. 1973).

■ The record before the court contains nothing to support an inference that Mr. Rice was employed other than at will. Accordingly, his employment was terminable at the will of either party at any time, for any cause or without cause, without giving rise to an action for damages. *Miller v. Review Bd. of Indiana Employment Security Division,* 436 N.E.2d 804, 807 (Ind. App.1982); *Campbell v. Eli Lilly & Company,* 413 N.E.2d 1054 (Ind.App.1980).

## II. Promissory Estoppel

As an alternative to his breach of contract theory, Mr. Rice asserts a claim for relief under the theory of promissory estoppel. Indiana courts have summarized the doctrine of promissory estoppel as follows:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise.

*Eby v. York Division, Borg-Warner,* 455 N.E.2d 623, 627 (Ind.App.1983); *Lyon Metal Products, Inc. v. Hagerman Construction Corp.,* 181 Ind.App. 336, 391 N.E.2d 1152, 1154 (1979); see also *Restatement (Second) of Contracts* § 90 (1981). "Promissory estoppel is appropriate in actions such as these when a party takes certain steps to his detriment in order to avail himself of promised employment." *Eby v. York Division, Borg-Warner,* 455 N.E.2d at 627; see also, *Pepsi-Cola General Bottlers, Inc. v. Woods,* 440 N.E.2d 696 (Ind. App.1982).

To analyze Mr. Rice's promissory estoppel claim, the court must determine (1) whether the Rent-A-Center made a definite promise of employment to Mr. Rice (2) which Rent-A-Center reasonably expected (or should have expected) to induce action

or forbearance of a definite and substantial character on Mr. Rice's part, (3) which induced such action or forbearance, and (4) whether injustice can be avoided only by enforcement of the promise. *Security Bank & Trust Co. v. Bogard*, 494 N.E.2d 965, 968 (Ind.App.1986); *Tipton County Farm Bureau Co-Op Assoc., Inc. v. Hoover*, 475 N.E.2d 38, 41 (Ind.App.1985); *Lyon Metal Products, Inc. v. Hagerman Construction Corp.*, 181 Ind.App. 336, 391 N.E.2d 1152, 1154 (1979). "The first three considerations are questions of fact to which the fourth, the equitable decision, is applied." *Eby v. York Division, Borg-Warner*, 455 N.E.2d at 627.

In Rent-A-Center's view, no definite promise of employment was made to Mr. Rice, and the damages that Mr. Rice seeks either are not available under the promissory estoppel theory or do not constitute sufficient reliance damages. In Mr. Rice's view, Mr. Burum's statements constituted a definite promise of continued employment, and that promise induced him to enter into a purchase agreement for a new home and to raise his overall standard of living. Mr. Rice maintains that he was also forced to sell his old home and move to Lafayette to find new employment as a result of his termination by Rent-A-Center.

 Rent-A-Center contends that Mr. Burum's statements are too vague to constitute any definite promise, as required for promissory estoppel. Even resolving that contention in Mr. Rice's favor, however, the court concludes that Rent-A-Center is entitled to summary judgment on the promissory estoppel claim. As explained above, Mr. Burum's October 18, 1984 statements to Mr. Rice did not constitute a promise of employment for a specified term; any promise was, at best, only for employment for an indefinite time. See *Pepsi-Cola General Bottlers, Inc. v. Woods*, 440 N.E.2d at 699. Rent-A-Center still could have terminated Mr. Rice's employment with or without cause at any time after October 18, 1984. *Miller v. Review Bd. of Indiana Employment Security Division*, 436 N.E.2d 804, 807 (Ind.App.1982).

In *Pepsi-Cola General Bottlers, Inc. v. Woods*, 440 N.E.2d 696 (Ind.App.1982), Miss Woods took a job with Pepsi-Cola, resigning her two other jobs to do so. Before her first day at Pepsi, however, she was fired. She had no contract claim against Pepsi because, under *Ohio Table Pad Co. of Indiana, Inc. v. Hogan*, 424 N.E.2d 144 (Ind.App.1981), her relinquishment of her previous employment did not constitute sufficient consideration for an enforceable contract for an indefinite term. She sought to defend her favorable judgment on promissory estoppel grounds, but the court of appeals reversed. Any award effectively would enforce a bargain she did not have: a claim for lost wages would assume that she would remain employed for the period in which the wages were lost, yet her bargain was nothing more than "that Woods could work for Pepsi until either party decided to terminate their relationship.... Pepsi could have discharged her after a single day's work without incurring liability." 440 N.E.2d at 699.

Illinois law governed the decision in *Pudil v. Smart Buy, Inc.*, 607 F.Supp. 440 (N.D.Ill.1985), but the elements of promissory estoppel under Illinois law appear to be no different than those under Indiana law. In reliance upon a promise of employment, Ms. Pudil traded in her six-year old car for a new car and a new debt, finalized her divorce and consequently lost the benefit of her husband's health insurance, and "altered her lifestyle in conformance with her increased earnings". 607 F.Supp. at 442. The court held that those actions did not constitute sufficient reliance to invoke the doctrine of promissory estoppel.

Mr. Rice's claim harkens to both those cases.[1] Like Ms. Pudil, Mr. Rice contends that he entered into a purchase agreement for a new, more expensive home, and that he generally raised his standard of living in

---

1. Mr. Rice cites the court to *Gill v. United States Rubber Co.*, 195 F.Supp. 837 (N.D.Ind.1961), and *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776 (D.Colo.1982), in support of his claim for dam-ages under a theory of promissory estoppel. These cases, however, are distinguishable on their facts; each involves a term employment contract.

reliance on Mr. Burum's statements.[2] Like Miss Woods, Mr. Rice claims damages that necessarily assume that he would have remained employed: he contends that he was forced to sell his home and move to Lafayette to find new employment after he was terminated by Rent-A-Center. Mr. Rice's claims do not suffice to establish a promissory estoppel claim.

*Eby v. York Division, Borg-Warner,* 455 N.E.2d 623 (Ind.App.1983), compels no different result. In reliance upon Borg-Warner's promise of employment, Mr. Eby had moved his family to Indiana from Florida. The court held that Mr. Eby could recover his moving expenses and wages lost while preparing to move under a theory of promissory estoppel. Mr. Eby did not seek recovery of wages he would have earned with Borg-Warner; unlike Miss Woods, he did not seek enforcement of a contract for employment for a definite time. Unlike Mr. Eby, Mr. Rice moved because he was fired, not because he was hired. Mr. Rice sold his home and moved to Lafayette, not because Rent-A-Center promised him employment on October 18, but rather because Rent-A-Center discharged him on November 5, 1984.

Rent-A-Center is entitled to judgment as a matter of law on Mr. Rice's promissory estoppel claim.

### III. Intentional Infliction of Mental Distress

■ "Indiana adheres to the general rule [that] damages for emotional distress are recoverable only when accompanied by and resulting from physical injury." *Little v. Williamson,* 441 N.E.2d 974, 975 (Ind.App. 1982). Mr. Rice alleges no physical injury, and the record before the court demonstrates none.

An exception to the "impact" rule is recognized in "certain tort actions involving the invasion of a legal right which by its very nature is likely to provoke an emotional disturbance", i.e., false imprisonment

and assault, *Charlie Stuart Oldsmobile v. Smith,* 171 Ind.App. 315, 327, 357 N.E.2d 247, 254 (1976), *modified on other grounds* 175 Ind.App. 1, 369 N.E.2d 947 (1977), but Mr. Rice has not demonstrated that the actions of the defendant would fall within that exception.

Summary judgment for the defendant is appropriate with respect to Mr. Rice's claim for intentional infliction of mental distress.

### IV. Fraudulent Misrepresentation

The essential elements of a fraud claim are as follows: (a) a material representation of past or existing facts, (b) which representation is false, (c) made with knowledge or reckless ignorance of its falsity, (d) which causes the reliance to the detriment of the person relying upon it. *Vantine v. Elkhart Brass Mfg. Co., Inc.,* 572 F.Supp. 636, 642 (N.D.Ind.1983).

A representation of intent is not the "representation of past or existing facts" that Indiana law requires for a fraud action. *Martin v. Grutka,* 151 Ind.App. 167, 278 N.E.2d 586, 591 (1972); *Sachs v. Blewett,* 206 Ind. 151, 185 N.E. 856, 858 (Ind. App.1933).

In *Peoples Outfitting Co. v. General Electric Credit Corp.,* 549 F.2d 42 (7th Cir.1977), the Seventh Circuit Court of Appeals held that a plaintiff who has "alleged misrepresentations ... [w]hich constitute statements of future intent and not representations of past or existing fact ... has failed to state a claim for fraud which is actionable under Indiana law". 549 F.2d at 46.

■ Mr. Burum's statement to the effect that Mr. Rice "could and probably would receive his District Manager's position back after a short period of time" is a statement of future intent as opposed to a statement of past or existing fact, and accordingly cannot form the basis of an action for fraud. Summary judgment is therefore warranted as to the complaint's claim for misrepresentation.

2. Buying a home and increasing one's standard of living today seems unreasonably reliant upon a promise of employment unenforceable tomorrow. In light of the resolution of the promissory estoppel issues under the *Pepsi-Cola* and *Pudil* cases, however, the court need not address the matter of Mr. Rice's reasonableness in so relying upon Rent-A-Center's limited promise.

### V. Conclusion

For the foregoing reasons, the court finds that the motion for summary judgment of defendant Rent-A-Center of America, Inc. should be, and hereby is, GRANTED in its entirety, and judgment is entered for the defendant on all counts of the complaint. SO ORDERED.