**Mary C. LAVERY, Appellant (Plaintiff Below),**

v.

**SOUTHLAKE CENTER FOR MENTAL HEALTH, Joan Strong, Supervisor, Emergency Services, Marcia Fridrich, Director of Inpatient/Emergency Services, Lee C. Strawhun, President, Betty Jacobsma, Director of Inpatient & Emergency Services, Appellees (Defendants Below).**

No. 64A03-9004-CV-172.

Court of Appeals of Indiana, Third District.

Feb. 19, 1991.

Lynn Hammond, Highland, for appellant.

Robert J. Dignam, Spangler, Jennings & Dougherty, P.C., Thomas M. Greenberg, Walker, Fleming & Greenberg, Merrillville, for appellees.

STATON, Judge.

Mary Lavery appeals a grant of summary judgment in favor of her former employer, Southlake Center for Mental Health. She presents a single issue for our review, which we restate as follows: did the trial court's characterization of Mary as an employee at will constitute an incorrect application of the law?

We affirm.

On May 13, 1985, Mary began her employment as a Crisis Intervention Specialist at Southlake. As a condition of her employment, Mary was required to reside within 30 minutes responsive time to the center, located in Merrillville, Indiana. In July, 1985, Mary moved from her parents' residence in LaPorte, Indiana (a commuting distance of 35 minutes from Merrillville) to Crown Point, Indiana.

Mary received an unsatisfactory work performance evaluation on April 12, 1987. She received written warnings on July 30, 1987 and on May 16, 1988. On May 31, 1988, Mary was terminated, after declining the option to tender her resignation.

On December 22, 1988, Mary filed suit alleging wrongful discharge. She acknowledged that an employer may terminate an employee at will with or without cause. However, she asserted that her move at Southlake's behest constituted independent consideration, converting her status to that of a permanent employee, terminable only for good cause.

Discovery was conducted, and on January 16, 1990, the court heard argument on Southlake's Motion for Summary Judgment. In granting Southlake's motion, the court stated:

"The Court, having reviewed the cases cited in the respective briefs of the parties, determines that the question of whether an individual is employed 'at will' is a legal determination for the Court where the employer, by Motion For Summary Judgment, has requested the Court to make such a determination. *Price v. Rent–A–Center of America, Inc.,* 664 F.Supp. 423 (N.D.Ind.1987).

This Court finds that the question as to whether or not the Plaintiff has given sufficient consideration by reason of her move from LaPorte to Crown Point, to be

a much more difficult question to resolve considering that the Plaintiff was not compensated by the Defendants in travel or moving expenses. However, from a careful reading of the cases, the Court determines that the case cited by both parties to be [sic] controlling, i.e. *Ohio Table Pad Co. of Indiana, Inc. v. Hogan* (1981), Ind.App., 424 N.E.2d 144. The Indiana Court of Appeals in the *Ohio Table Pad Co. of Indiana, Inc. v. Hogan* reiterated the following rule: '1. The acts and actions involved in moving one's household to a new location, while sufficient to constitute consideration for an agreement to provide moving allowances or expenses, will not constitute independent consideration to support a contract of permanent employment so as to impose the requirement of good cause upon the right to terminate the employee.' In the *Ohio Table Pad Co. of Indiana, Inc. v. Hogan* case, as in the case before this Court, the employee merely moved for the purpose of placing herself in a position to accept the new employment which the employee would have had to do to accept the job on any basis and consequently, there was no independent benefit bestowed upon the employer. This Court, as the Trial Court was instructed in the *Ohio Table Pad Co. of Indiana v. Hogan* case, must rule that there was insufficient evidence, as a matter of law, to establish more than a contract of employment terminable at the will of either party."

*Record*, p. 216.

■ In reviewing a grant of summary judgment, we must determine whether there exists a genuine issue of material fact and whether the trial court correctly applied the law. Doubts are to be resolved in favor of the non-movant. *Jones v. Central National Bank of St. Johns* (1989), Ind.App., 547 N.E.2d 887, 889.

■ An indefinite employment contract is terminable at the will of either party unless it is supported by independent consideration. *Ohio Table Pad Co. of Indiana v. Hogan* (1981), Ind.App., 424 N.E.2d 144, 145–46, *trans. denied.* Inde-

pendent consideration converting employment at will to employment requiring good cause for termination is that which results in a detriment to the employee and a corresponding benefit to the employer. *Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926, 928.

■ In *Hogan, supra,* the court concluded that an employee's action in moving to accept new employment did not constitute independent consideration converting at-will employment status to permanent employment terminable only for good cause. *Id.* at 146. This principle was reiterated in *Whiteco Industries, Inc. v. Kopani* (1987), Ind.App., 514 N.E.2d 840, *trans. denied.* Judge Garrard opined that moving to accept employment is merely placing oneself in a position to accept the employment. *Id.* at 844. He further explained: "It is only where a different and substantial detriment is incurred such as releasing a claim for personal injuries or assignment of a lease to the employer that separate consideration has been found to exist." *Id.* (Citation Omitted).

In *Eby v. York–Division, Borg–Warner* (1983), Ind.App., 455 N.E.2d 623, Eby sought to establish the existence of an employment contract, arguing that his move to Florida constituted consideration in exchange for a promise of employment. The court stated: "[W]e do not perceive the move to be consideration for the promise of a job inasmuch as the move had to be made in order to take advantage of the offer." *Id.* at 627.

Mary additionally claims that Southlake's personnel manual prohibited her discharge without good cause. We find her argument unpersuasive. Whether or not the provisions contained in employee handbooks might under some circumstances constitute a part of the employment agreement and thus bind the parties need not be re-examined here. The Southlake personnel handbook clearly disclaimed any such intention and expressly preserved its discretionary right to terminate its at-will employees.

In accordance with applicable precedent, the trial court concluded that Mary was an

employee at will, who could be discharged with or without cause. As there exists no genuine issue of material fact, and Southlake is entitled to judgment as a matter of law, the judgment of the trial court is affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I fully concur except with respect to that portion of the opinion which would appear to give some validity to the trial court's determination that the question of an "at will" employment becomes a question of law merely by the request of the employer for summary judgment.

*Price v. Rent–A–Center of America, Inc.* (N.D.Ind.1987) 664 F.Supp. 423, does not support that conclusion. The *Price* case did involve a summary judgment sought by the employer and the Federal District Court granted that summary judgment but did so upon grounds that the plaintiff employee did not meet his burden of coming forward with a demonstration that there were material facts in dispute. The plaintiff employee merely rested upon the allegations of his complaint.

Whether an employee is at will may or may not be a question of law. *Compare Ewing v. Board of Trustees of Pulaski Memorial Hospital* (1985) 2d Dist.Ind. App., 486 N.E.2d 1094, *trans. denied,* with *Whiteco Industries, Inc. v. Kopani* (1987) 3d Dist., 514 N.E.2d 840, *trans. denied.* In any event it is not made so merely by the request of a party.