*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-CV-464

FIONA EDWARDS, APPELLANT,

V.

SAFEWAY, INC., *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(CAB-5957-15)

(Hon. William M. Jackson, Trial Judge)

(Argued May 15, 2018                    Decided September 19, 2019)

*Moses V. Brown* for appellant.

*Abby U. Van Grinsven*, with whom *Keith M. Bonner* and *Justin M. Cuniff* were on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, EASTERLY, *Associate Judge*, and WASHINGTON, *Senior Judge*.

EASTERLY, *Associate Judge*:  A jury awarded Fiona Edwards compensatory damages in her claim for conversion.  She challenges the trial court's rulings precluding her from amending her complaint to include a negligence claim and rejecting her requests to present evidence in support of her claim for punitive

damages and to instruct the jury about that claim.  We affirm in part and reverse in part.

## I.      Facts & Procedural History

Ms. Edwards sued Safeway after allegedly being "confronted," "detained," physically assaulted, and falsely accused of shoplifting at the Hechinger Mall Safeway store on March 9, 2014.[1]  Following Safeway's partly successful motion for summary judgment on statute of limitations grounds, her multiple intentional tort claims were winnowed down to a single claim for conversion for the loss of various goods she had brought to the store or purchased while there and subsequently lost in the confrontation.  Before trial, Safeway filed both (1) what it called a "[Proposed] Stipulation" (brackets in original) accepting liability for Ms. Edwards's conversion claim[2] and (2) a related motion in limine to exclude a surveillance videotape showing

---

[1]  Because Safeway admitted liability for conversion and the trial court did not permit Ms. Edwards to seek punitive damages, none of the factual issues in this case were litigated at trial and the surveillance videotape was neither admitted into evidence nor accepted as a lodged exhibit for the purposes of an appeal.  Thus, it is not a part of the record before this court.  *See* D.C. App. R. 10(a).

[2]  It is more accurate to call this filing an admission.  *See Johnson v. District of Columbia Rental Hous. Comm'n*, 642 A.2d 135, 138 (D.C. 1994) (noting judicial admissions are "waiver[s] relating to the opponent's proof" that "conced[e] for the purposes of trial the truth of some alleged fact" (internal quotation marks and citations omitted)).  Stipulations entered into at trial generally reflect an agreement

the incident because, the company argued, such evidence was "irrelevant as well as unfairly prejudicial and cumulative in light of [Safeway's] stipulation to liability." Ms. Edwards opposed this motion. Ms. Edwards also requested punitive damages, which Safeway opposed, as documented in the parties' joint pretrial statement.[3]

At a pretrial hearing, the trial court indicated it was accepting Safeway's admission, and it expressly granted the company's motion in limine to exclude the videotape and any evidence of liability. The court further concluded that "the conduct here . . . makes no sense in terms of punitives" and "how [Safeway] converted these items[] doesn't matter," and thus denied Ms. Edwards's request to present evidence of punitive damages or to consider giving a punitive damages instruction. Although Ms. Edwards renewed this request on the day of trial, the trial court again denied Ms. Edwards's request to present evidence of punitive damages.

---

between the parties, *see Stipulation* (2), BLACK'S LAW DICTIONARY (11th ed. 2019) ("A voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding," e.g., "the plaintiff and the defendant entered into a stipulation on the issue of liability"). There is no indication in the record that Ms. Edwards ever agreed to this filing.

[3] Under her claims and defenses, Ms. Edwards wrote, "Plaintiff can demonstrate why punitive damages should be permissible as this incident was not a simple taking of property, but a taking of property by force." Safeway responded, "Plaintiff is not entitled to punitive damages." Later in the same document, Ms. Edwards requested punitive damages instructions.

Both before and at trial, the trial court repeatedly denied Ms. Edwards's attempts to even discuss evidence tending to show she was entitled to such damages. At trial, Ms. Edwards was only permitted to present evidence of compensatory damages. The jury awarded her everything she asked for.

## II. Amending the Complaint

Ms. Edwards argues the trial court erred in denying her motion to amend the complaint to include negligence claims. Her initial complaint, filed on August 5, 2015, did not make such claims. Though discovery in the case closed on August 18, 2016, Ms. Edwards did not file the motion to amend until January 23, 2017, a few months before trial. The trial court denied it as untimely. We affirm this ruling.

Rule 15 gives trial courts discretion to allow plaintiffs to amend their complaints after the time to file an amendment as of right has passed. Super. Ct. Civ. R. 15(a)(3); *see also Crowley v. N. Am. Telecomm. Ass'n*, 691 A.2d 1169, 1174 (D.C. 1997). The rule states that permission to amend should be granted "freely . . . when justice so requires." Super. Ct. Civ. R. 15(a)(3). We review a trial court's denial of a motion to amend for abuse of discretion to determine whether the decision was "predicated on some valid ground." *Eagle Wine & Liquor Co. v. Silverberg*

5

*Elec. Co.*, 402 A.2d 31, 34 (D.C. 1979). "Factors affecting the court's discretion include: (1) the number of requests to amend; (2) the length of time that the case has been pending; (3) the presence of bad faith . . . ; (4) the merit of the proffered amended pleading; and (5) any prejudice to the non-moving party." *Pannell v. District of Columbia*, 829 A.2d 474, 477 (D.C. 2003) (internal quotation marks omitted). Here, the length of the time the case had been pending (eighteen months) weighed in favor of denying the motion to amend, as did the lateness of Ms. Edwards's motion, which on its own "may justify its denial if the moving party fails to state satisfactory reasons for the tardy filing and if the granting of the motion would require new or additional discovery." *Id.* Ms. Edwards did not provide an explanation for the lateness of the request other than "the interest of justice," and the addition of negligence claims to the conversion claim would have required Safeway to provide significant discovery on the supervision of their employees and the supervision of the employees of their contractor. On this record, we cannot say that the trial court abused its discretion in denying Ms. Edwards's motion. *See id.* at 480; *Eagle Wine*, 402 A.2d at 35–36.

### III.   Punitive Damages

In addition to arguing that she should have been able to present more theories of liability to the jury, Ms. Edwards argues that she should have been able to ask the jury to consider awarding her punitive as well as compensatory damages. We review the trial court's decision to exclude evidence, and relatedly to deny a punitive damages instruction, for abuse of discretion, "but where the evidentiary ruling is based on the trial court's determination of a question of law, appellate review of that determination is de novo."[4]  *Campbell v. Fort Lincoln New Town Corp., Inc.*, 55 A.3d 379, 385 (D.C. 2012); *see also Tolson v. District of Columbia*, 860 A.2d 336, 345 (D.C. 2004) (citing *Cooper Indus. v. Leatherman Tool Grp.*, 532 U.S. 424, 433 (2001)).

The trial court precluded Ms. Edwards from presenting evidence of punitive damages, including the surveillance video, based both on its understanding that

---

[4] Safeway observes in a footnote in its brief that Ms. Edwards's first express request for punitive damages was in the joint pretrial statement.  To the extent the company thereby suggests that Ms. Edwards's claim for punitive damages was not properly pleaded, it does not clearly articulate (or support) such an argument in its brief, and it did not make this argument to the trial court.

"how [Safeway] converted these items[] doesn't matter," and because Safeway had admitted liability. The trial court was mistaken on both fronts.

First, how Safeway converted Ms. Edwards's possessions *did* matter. "Punitive damages may properly be awarded in an action for conversion where the act of the defendant is accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury." *Mason v. Rostad*, 476 A.2d 662, 667 (D.C. 1984) (internal quotation marks omitted); *see also Parker v. Stein*, 557 A.2d 1319, 1321–22 (D.C. 1989) (noting that in a conversion action following an eviction, the evidence for punitive damages was the manner of taking, specifically that the landlord placed all of the occupant's items outside in inclement weather); *Franklin Inv. Co. v. Homburg*, 252 A.2d 95, 98 (D.C. 1969) (holding that punitive damages were appropriate for the wrongful repossession of a car because of the circumstances surrounding the repossession); *Wash. Garage Co. v. Klare*, 248 A.2d 681, 682–84 (D.C. 1968) (analyzing the appropriateness of a punitive damages award through "a detailed recital of the facts [surrounding the repossession of a car]"). *See generally Oliver v. Mustafa*, 929 A.2d 873, 878 (D.C. 2007) ("Punitive damages are available in actions for intentional torts." (internal punctuation and quotation marks omitted)).

Second and relatedly, Safeway's admission of liability was immaterial, because a plaintiff's entitlement to punitive damages is a separate question. "[A] plaintiff's request to submit the issue of punitive damages to the jury is governed by the normal test for a triable issue of fact: whether there was evidence from which a jury reasonably could find the required malicious intent or willful disregard of another's rights." *Croley v. Republican Nat'l Comm.*, 759 A.2d 682, 695 (D.C. 2000) (internal quotation marks omitted). Though an admission of liability may result in the exclusion of extraneous factual evidence,[5] a number of courts have previously concluded, and we now likewise hold, that it does not "preclude[] a plaintiff . . . from showing how the [incident] happened if such evidence is material and relevant to the question of [punitive] damages." *Eubank v. Spencer*, 128 S.E.2d 299, 301–02 (Va. 1962); *see, e.g.*, *Maurer v. Clausen Distrib. Co.*, 912 P.2d 195, 199 (Mont. 1996) (holding that punitive damages were available in tort claim where defendant admitted liability); *Soria v. Sierra Pac. Airlines*, 726 P.2d 706, 722–24

---

[5] *See Briggs v. Dalkon Shield Claimants Tr.*, 174 F.R.D. 369, 372 (D. Md. 1997) (rejecting the argument that "if a fact is stipulated to before trial, it is no longer at issue, has been removed from the dispute, and thereby is no longer of any consequence to the determination of the action," and explaining that trial courts should make rulings "on the basis of such considerations as waste of time and undue prejudice . . . rather than under any general requirement that evidence is admissible only if directed to matters in dispute" (internal citation and quotation marks omitted)).

(Idaho 1986) (holding that evidence of maintenance practices is admissible for punitive damages in spite of the airline's admission of partial liability).

Here, the video showing the incident, or any other evidence regarding the circumstances of Ms. Edwards's stop at the store, such as her testimony, would have been unquestionably relevant to the issue of whether Ms. Edwards may have had a triable claim for punitive damages and was entitled to have the jury so instructed. The trial court's refusal to allow Ms. Edwards to proffer evidence on this issue was thus an abuse of its discretion. *Cf. Campbell*, 55 A.3d at 387–89; *Tolson*, 860 A.2d at 345.

*         *         *

For the foregoing reasons, we affirm the trial court's decision to deny Ms. Edwards's motion to amend her complaint, but reverse its rulings barring her from presenting evidence to support a claim for punitive damages. We remand for further proceedings not inconsistent with this opinion.

*So ordered.*